IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

ANDREA SORNBERGER,

    *Plaintiff,*

v.

SCIPLAY CORP. and
SCIPLAY GAMES, LLC,

    *Defendants.*

Case No. _____

### DEFENDANTS' NOTICE OF REMOVAL

Defendants SciPlay Corp. and SciPlay Games, LLC (collectively "Defendants"), without waiving the right to assert any defenses available to them, including lack of personal jurisdiction, remove this action from the Circuit Court of Franklin County, Alabama to the United States District Court for the Northern District of Alabama, under 28 U.S.C. §§ 1332, 1441, 1446, and 1453.

This Court has diversity jurisdiction under the Class Action Fairness Act ("CAFA") because (1) at least one member of the plaintiff class is a citizen of a state different from the state of citizenship of either defendant, (2) the aggregate amount in controversy exceeds $5 million, and (3) the proposed plaintiff class contains at least 100 members. *See* 28 U.S.C. § 1332(d)(2). This Court also has traditional diversity jurisdiction over the case under 28 U.S.C. § 1332(a) because (1) there is complete diversity of citizenship between the only plaintiff (Andrea Sornberger) and Defendants and (2) the amount in controversy exceeds $75,000.

**I.    Overview**

1.    This is not the first time that the parties have been before this Court. Back in March of this year, Andrea Sornberger sued Defendants in the Circuit Court of Franklin County, Alabama, Case No. 33-CV-2023-900037.00. Like this case, Sornberger sought all the money spent by Alabama

players on Defendants' casino-styled video games by claiming that she could recover under Alabama's Loss Recovery Act. Ex. 1, Affidavit of Eric Dement ("Dement Aff."), Ex. F ("Original Amended Complaint").

2. Because the parties were completely diverse and Sornberger sought well over the amount in controversy, Defendants removed the case to this Court.[1] Dement Aff., Ex. E ("Original Docket"). Sornberger moved to remand the case to state court, arguing that this Court could not aggregate her multi-million dollar claims to get to the amount in controversy. *Id.*

3. Around the same time, Sornberger's counsel sued several other video game companies using nearly identical arguments. There too, the video game companies removed the cases to this Court. The case assignments were split between Judge Smith[2] and Judge Burke,[3] and the plaintiffs moved to remand each of the cases.

4. After completing briefing, Judge Burke remanded all the video game cases that were before him to state court by finding that he could not aggregate the claims to reach the amount in controversy requirement. In his view, even though the Loss Recovery Act did "not seem to permit one person to recover multiple gambling losses for multiple families in the same action," the court could not aggregate the claims because "there is a single plaintiff acting in a representative capacity to recover damages that would be payable to non-parties." *Mills v. Zynga, Inc.*, No. 3:23-CV-00463-LCB, 2023 WL 5198511, at *2 n.3, *4 (N.D. Ala. Aug. 11, 2023). Judge Burke did not, however, address the

---

[1] Defendants also removed the case in the alternative under CAFA. *See id.*, Ex. G at 9 n.2.

[2] *Sornberger v. Sciplay Corp.*, 3:23-cv-00476-CLS (N.D. Ala.); *Seal v. VGW Ltd.*, 3:23-cv-00462-CLS (N.D. Ala.); *Mills v. Playtika Ltd.*, 3:23-cv-00464-CLS (N.D. Ala.); *Pilati v. Playstudios US LLC*, 3:23-cv-00488-CLS (N.D. Ala.).

[3] *Gann v. Huuuge, Inc.*, No. 3:23-CV-00498-LCB (N.D. Ala.); *McGee v. SpinX Games, Ltd.*, No. 3:23-CV-00777-LCB (N.D. Ala.); *Mills v. Zynga, Inc.*, No. 3:23-CV-00463-LCB (N.D. Ala.); *Pilati v. Yellow Soc. Interactive, Ltd.*, No. 3:23-CV-00485-LCB (N.D. Ala.); *Rice v. Aristocrat Leisure, Ltd.*, No. 3:23-CV-00480-LCB (N.D. Ala.).

CAFA removal argument set forth here because no party before him raised CAFA as a basis for removal.

5. Sornberger filed a notice of supplemental authority highlighting Judge Burke's decisions in his cases. *See* Original Docket, Dkt. 20. Defendants responded to the notice of supplemental authority in two ways. First, Defendants respectfully disagreed with Judge Burke's decisions about aggregating claims. Dement Aff., Ex. H at 1–2. Second, Defendants explained that jurisdiction was appropriate on a separate basis that Judge Burke did not consider: Because "one player in Alabama spent at least $79,000 playing SciPlay's games," the court had diversity jurisdiction over that claim and "supplemental jurisdiction over the remaining claims." *Id.* at 2-3.

6. In response, Sornberger unilaterally amended her Complaint to say she no longer sought to recover the money spent by Alabama players who paid more than $75,000 during the relevant period to play SciPlay's games. *See, e.g.,* Original Amended Complaint ¶¶ 17, 23, 24; *id.* at 11. That same day, Defendants responded by explaining that Sornberger's transparent attempt to deprive the Court of federal subject matter jurisdiction failed under settled law because jurisdiction is judged at the time of removal, and subsequent amendments meant to evade federal jurisdiction are irrelevant to the analysis. Original Docket, Dkt. 25.

7. Mere hours later, Sornberger voluntarily dismissed her case without prejudice. Original Docket, Dkt. 26. That same day her counsel voluntarily dismissed every one of the other Loss Recovery Act video game cases pending before Judge Smith.[4]

8. The very next day, on August 25, 2023, Sornberger sued Defendants again in the Circuit Court of Franklin County, Alabama, Case No. 33-CV-2023-900116.00. *See* Ex. 1, Affidavit of Eric Dement ("Dement Aff."), Ex. A ("Complaint").

---

[4] *Seal v. VGW Ltd.*, 3:23-cv-00462-CLS, Dkt. 22 (N.D. Ala.); *Mills v. Playtika Ltd.*, 3:23-cv-00464-CLS, Dkt. 22 (N.D. Ala.); *Pilati v. Playstudios US LLC*, 3:23-cv-00488-CLS, Dkt. 16 (N.D. Ala.).

9. Like the first case, the Complaint concerns Defendants' online social casino-style video games. These video games contain casino-themed slot machines for play. Complaint ¶¶ 6–7. The video games are free to download and play on mobile devices and through Facebook. *See id.* ¶ 7. While the games emulate casino-style games, players do not use money. *Id.* ¶¶ 7–8, 13. Instead, they use virtual coins—freely distributed, symbolic tokens with no value outside the games—to play the social casino video games. *Id.* ¶¶ 7–8, 13. Sornberger contends that the use of virtual coins in these video games constitutes illegal gambling in violation of Alabama law. *Id.* ¶¶ 14–17.

10. Like the first case, Sornberger seeks to recover the amounts spent by nearly all "Alabama residents" to play Defendants' "online gambling games during the period beginning one year before the filing of this complaint until this case is resolved" "to go to the benefit of the families of the gamblers who paid the money." *Id.* ¶¶ 25–26. And like the amended complaint in the first case, the only "Alabama residents" for whom Sornberger does not seek to recover are those residents "who lost $75,000 or more during the statute of limitations period." *Id.* ¶ 25.

11. SciPlay Corp.'s registered agent received a summons and complaint by certified mail on September 5, 2023. *See* Dement Aff., Ex. B, Ex. D at 2. The registered agent for SciPlay Games, LLC received a summons and complaint by certified mail on August 28, 2023. *See id.* Ex. C, Ex. D at 3.

12. Exhibits A through H attached to the Affidavit of Eric Dement constitute all process and pleadings served on Defendants in this case, as well as the entire state court docket, and are attached to this Notice of Removal. *See* 28 U.S.C. § 1446(a). No substantive motions are pending in the state court.

13. Both Defendants join the removal of this case to federal court. *See* 28 U.S.C. § 1446(b)(2)(A); *Cook v. Randolph Cnty., Ga.*, 573 F.3d 1143, 1150–51 (11th Cir. 2009).

14. Sornberger did not demand a jury trial in state court. *See* Dement Aff., Ex. A ¶ 4; *see also* Civil Cover Sheet.

## II. Parties

15. Sornberger is an Alabama citizen who resides in Franklin County, Alabama. Complaint ¶ 3.

16. SciPlay Corp. is a Nevada corporation. Ex. 2, Affidavit of Robert Gustafson ("Gustafson Aff.") ¶ 5.[5] It has its principal place of business in Las Vegas, Nevada. *Id.*; Complaint ¶ 4.

17. SciPlay Games, LLC, is a limited liability company formed under Nevada law. Gustafson Aff. ¶ 3. Its only member is SciPlay Parent Company, LLC, a Nevada limited liability company. *Id.* SciPlay Parent Company, LLC has two members: Defendant SciPlay Corp. and LNW Social Holding Company I, LLC. *Id.* ¶ 4. LNW Social Holding Company I, LLC's only member is LNW Social Holding Company II, LLC. *Id.* ¶ 6. LNW Social Holding Company II, LLC's only member is Light and Wonder International, Inc., a corporation incorporated under Delaware law with its principal place of business in Las Vegas, Nevada. *Id.* ¶ 7. The below organizational chart shows this ownership structure:

---

[5] The Complaint incorrectly alleges that SciPlay Corp. is incorporated under Delaware Law. *Compare* Complaint ¶ 4, *with* Gustafson Aff. ¶ 5. In any event, Plaintiff's conflicting argument about SciPlay Corp's citizenship does not affect removability because even under Plaintiff's claim, the parties are completely diverse, and SciPlay Corp. is not an Alabama citizen. *Cf.* 28 U.S.C. § 1441(b)(2). And under the Class Action Fairness Act, only one member of the plaintiff class must be a citizen of a state different from at least one defendant. 28 U.S.C. § 1332(d)(2)(A).



18.     Thus, SciPlay Corp. is a Nevada citizen, and SciPlay Games, LLC is a Nevada and Delaware citizen.

## III.    Removal is timely.

19.     Defendants SciPlay Corp. and SciPlay Games, LLC were served with a copy of the Complaint and summons on September 5, 2023 and August 28, 2023, respectively. This Notice of Removal, filed within 30 days of service, is therefore timely under 28 U.S.C. § 1446(b). *See Murphy*

*Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999) (holding that the 30-day removal period runs from receipt of formal service of process, including a summons).

## IV. Jurisdiction and Venue

20. By removing this action, Defendants do not consent to this Court exercising personal jurisdiction over them and reserve the right to move for dismissal on that ground. *See Kostelac v. Allianz Glob. Corp. & Specialty AG*, 517 F. App'x 670, 675 n.6 (11th Cir. 2013).

21. This Court has subject matter jurisdiction over the case under CAFA, which gives the Court "original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

22. Alternatively, this Court has subject matter jurisdiction over the case based on diversity jurisdiction under 28 U.S.C. § 1332(a)(1), which provides the Court with "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states."

23. Venue is proper in this district and division under 28 U.S.C. § 1441(a), because the state court where the suit is pending is both in this district and in this division.

## V. CAFA provides a basis for removal.

24. Regardless of whether this Court agrees with Defendants that it can and should aggregate Sornberger's claims to reach the $75,000 amount-in-controversy requirement for traditional diversity jurisdiction, this Court has jurisdiction over this case under CAFA, §§ 1332(d) and 1453(b), because (i) Sornberger is pursuing the equivalent of a class action as part of this suit; (ii) each of CAFA's statutory requirements are satisfied; and (iii) litigation of this case in federal court promotes CAFA's overall purpose. 28 U.S.C. § 1332(d).

25.     CAFA allows the removal of any "class action" where minimal diversity exists, at least 100 class members are represented, and "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs." 28 U.S.C. § 1332(d)(1), (2), (5); *see also* 28 U.S.C. § 1453(b).

26.     As relevant here, CAFA defines "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." *Id.* § 1332(d)(1)(B). Consistent with Congress's objective to favor federal jurisdiction over class actions with interstate ramifications, *see Dart Cherokee Basin Operating Co., v. Owens*, 574 U.S. 81, 89 (2014), courts should "interpret[] liberally" what "class action" means to prevent lawyers from "gam[ing] the procedural rules [to] keep nationwide or multistate class actions in state courts," S. Rep. No. 109-14, at 4, 35 (2005) (quotations omitted).

27.     This lawsuit is "in substance a class action," and it is thus properly removable under CAFA. *Addison Automatics, Inc. v. Hartford Cas. Ins.*, 731 F.3d 740, 742 (7th Cir. 2013) (holding that plaintiff's individual suit was really a "class action" and properly removed to federal court under CAFA, "notwithstanding [plaintiff's] artificial attempt to disguise the true nature of the suit"). Sornberger seeks to represent nearly all the families of Alabama players who spent money on Defendants' games. Complaint ¶¶ 17, 25–26; *id.* at p.11; *see also* Dement Aff., Ex. E, Dkt. 14 ¶ 5 (Apr. 27, 2023) (claiming that "she brings claims on behalf of the families of Alabama residents who lost money playing defendants' illegal gambling games"). As Judge Burke recognized in describing a plaintiff in the same position as Sornberger, she "appears in a *representative capacity*." *Mills*, 2023 WL 5198511, at *2 (emphasis added). In claiming to represent these players' families, Sornberger raises a common question of whether free-to-play video games count as illegal gambling under Alabama's Loss Recovery Act, Ala. Code § 8-1-150(b).

28. Removing this case will also further CAFA's purposes. "CAFA's primary objective [is] ensuring [f]ederal court consideration of interstate cases of national importance." *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595 (2013) (quotations omitted); *accord Owens*, 574 U.S. at 89. Congress also "enacted CAFA to address inequitable state court treatment of class actions and to put an end to certain abusive practices by plaintiffs' class counsel." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1193 (11th Cir. 2007). This lawsuit directly implicates these concerns:

   a. Sornberger is trying to recover millions of dollars by representing nearly every person in Alabama who played SciPlay's games by invoking a never-before-used joinder theory to avoid this Court's jurisdiction;

   b. Sornberger's counsel sued nearly a dozen other video game apps using this same novel theory to seek collectively tens of millions of dollars; and

   c. Sornberger voluntarily dismissed her previously removed case after realizing that the district court had original jurisdiction over the case.

   d. Judge Burke said that a case brought by a plaintiff in the same position as Sornberger, seeking to recover monies paid by many other Alabama residents, "*could* be viewed as a means to avoid filing a class action lawsuit." *Mills*, 2023 WL 5198511, at *2 n.3. But as explained above, courts should interpret the definition of "class action" in CAFA liberally to prevent the exact gamesmanship Sornberger is displaying here to try to evade federal court jurisdiction.

29. As discussed above, at least one member of the class of plaintiffs is a citizen of a State different from at least one defendant. 28 U.S.C. § 1332(d)(2)(A).

30. The claims asserted by the class, aggregated as required by 28 U.S.C. § 1332(d)(6), exceed $5,000,000 within the meaning of 28 U.S.C. § 1332(d)(2). Ex. 3, Affidavit of Philip Alvarado ("Alvarado Aff.") ¶¶ 4–5.

31.     There are over 20,000 unnamed class members. *See* 28 U.S.C. § 1332(d)(5)(B); Alvarado Aff. ¶ 6.

32.     Defendants are not States, State officials, or other governmental entities. 28 U.S.C. § 1332(d)(5)(A).

## VI.  Diversity jurisdiction provides a basis for removal.

33.     Removal of this case is also proper under 28 U.S.C. §§ 1441(a), 1441(b), and 1332(a). Together, these statutes allow for the removal of any civil action between "citizens of different states" where the amount in controversy exceeds $75,000, provided that no defendant "properly joined and served . . . is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

34.     This Court has diversity jurisdiction over this case because the amount in controversy exceeds $75,000 and there is complete diversity between Sornberger and Defendants.

### A.  Complete diversity exists between Sornberger and Defendants.

35.     A case is removable based on diversity jurisdiction when it involves a controversy between "citizens of different states." 28 U.S.C. § 1332(a)(1).

36.     Both when the Complaint was filed and as of the date this Notice of Removal is being filed, Sornberger is an Alabama citizen, Defendant SciPlay Corp. is a Nevada citizen, and Defendant SciPlay Games, LLC is a Nevada and Delaware citizen. *See* Complaint ¶ 3, Gustafson Aff. ¶¶ 3-7. There is thus complete diversity between the adverse parties. Removal is therefore proper under 28 U.S.C. §§ 1441(a), 1441(b), and 1332(a).

### B.  The amount in controversy exceeds $75,000.

37.     To meet the "amount in controversy" requirement, "the matter in controversy" must "exceed[] the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

38.     Here, the Complaint does not specify a precise amount of damages. When that is the case, the removing defendants need only "prove by a preponderance of the evidence that the amount

in controversy exceeds the jurisdictional requirement." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010) (internal citation omitted).

39. To meet its burden, the removing defendants may present additional evidence to establish that the amount in controversy exceeds $75,000, including "their own affidavits, declarations, or other documentation." *Id.* at 755. In determining whether the removing defendants have met their burden, "courts may use their judicial experience and common sense." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010).

40. Here, the amount in controversy requirement is satisfied based on the Complaint's allegations and the declarations attached this this Notice of Removal. Sornberger seeks to recover, under Alabama Code § 8-1-150(b), the amounts spent by nearly all Alabama residents who played Defendants' games from August 2022 to August 2023, for "the family and next of kin of all gamblers." Complaint at p.11–12; *id.* ¶¶ 1, 16–17, 25–26. The total amount spent by Alabama users of Defendants' casino-themed social games between August 25, 2022 and August 25, 2023—the limitations period alleged by Sornberger, *id.* ¶ 25—far exceeds $75,000, Alvarado Aff. ¶ 4. Indeed, during this period SciPlay grossed well above $6 million from Alabama users who paid to play its social casino-style games. *Id.* ¶ 5. Thus, the amount in controversy is met.

41. Sornberger contends, however, that this Court cannot aggregate her claims to get to the amount in controversy because she brings the case "for the benefit of the family of Alabamians who" had a family member spend money to play SciPlay's games, so she does not "seek[] to recover for any person an amount of $75,000 or more." Complaint ¶¶ 20, 24. In her view, this case is a "private attorney general action," which means that the Court cannot aggregate her claims.

42. Contrary to Sornberger's assertions, this Court can and should aggregate Sornberger's claims to reach the amount in controversy requirement. To get to the jurisdictional amount, "it is well settled" that a court "may aggregate" a single plaintiff's "claims against a single defendant." *Houser v.*

11

*Allstate Ins.,* No. 20 Civ. 1661 (ACA), 2020 WL 7352572, at *2 (N.D. Ala. Dec. 15, 2020); *see Snyder v. Harris*, 394 U.S. 332, 335 (1969). Here, Sornberger is the only plaintiff. Sornberger pleaded that she is the real party in interest. *See* Ala. R. Civ. P. 10(a), 17(a) (requiring that "[e]very action shall be prosecuted in the name of the real party in interest"). Indeed, she lists only herself in the Complaint's caption and refers to herself throughout as "Plaintiff." *See, e.g.*, Complaint at 1.

43. Nor is this case a private attorney general action. Although "[t]he definition of a private attorney general is hard to pin down," at its core, the concept involves a private citizen bringing a case on behalf of the public. *DiCarlo v. MoneyLion, Inc.*, 988 F.3d 1148, 1154 (9th Cir. 2021). The plaintiff in such cases is a "non-government actor who represents the public's rights or interests in court" by suing on behalf of the public. *Id.* at 1155. Here, by contrast, Sornberger is suing on her own behalf. Much like a trustee, a plaintiff proceeding under Ala. Code § 8-1-150(b) is the real party in interest for diversity jurisdiction purposes. *See Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 464–65 (1980) (trustees, not the trust, are the real parties in interest for determining diversity of citizenship). And as Judge Burke recognized in describing a plaintiff in the same position as Sornberger, she "does not bring her action pursuant to a statutory private attorney general action." *Mills*, 2023 WL 5198511, at *4.

44. Thus, because Sornberger is the only real party in interest, the Court can aggregate her claims. When it does so, her claims far exceed the amount in controversy.

45. Defendants recognize that Judge Burke did not accept this aggregation argument in the cases he decided earlier this year. *See, e.g., id.* at *3-5. While Defendants respectfully disagree with Judge Burke's decision and do not abandon the aggregation argument as a basis for removal, Defendants also remove on the additional ground of CAFA, which was not raised as a basis for removal in *Mills* or any of the other cases that Judge Burke decided.

**VII.     Notice to State Court and Sornberger**

46.     Counsel for Defendants certifies that, under 28 U.S.C. § 1446(d), copies of this Notice of Removal will be promptly filed with the Clerk of the Circuit Court for Franklin County, Alabama, and promptly served on counsel for Sornberger.

**VIII.    Conclusion**

47.     Removal of this action is proper under 28 U.S.C. §§ 1332, 1441, 1446, and 1453.

48.     Should Sornberger move to remand this case, Defendants respectfully request an opportunity to respond more fully in writing, including submitting additional declarations and authority.

49.     Defendants reserve all their defenses.

50.     Thus, Defendants remove the case pending in the Circuit Court of Franklin County, Alabama, to the United States District Court for the Northern District of Alabama, Northwestern Division, under 28 U.S.C. §§ 1332, 1441, 1446, and 1453.

Dated: September 27, 2023                                 Respectfully submitted,

                                                          */s/ John Earnhardt*

                                                          John Earnhardt (ASB-3724-A49J)
                                                          Carmen Chambers (9445N13U)
                                                          MAYNARD NEXSEN, P.C.
                                                          1901 Sixth Ave N, Suite 1700
                                                          Birmingham, AL 35203
                                                          Tel: (205) 254-1204
                                                          jearnhardt@maynardnexsen.com
                                                          cchambers@maynardnexsen.com


                                                          Adam L. Hoeflich (*Pro Hac Vice pending*)
                                                          BARTLIT BECK LLP
                                                          54 W. Hubbard Street, Suite 300
                                                          Chicago, IL 60654
                                                          (312) 494-4400
                                                          adam.hoeflich@bartlitbeck.com

                                                          Alison G. Wheeler (*Pro Hac Vice pending*)
                                                          Daniel C. Taylor (*Pro Hac Vice pending*)
                                                          Eric. F. Dement (*Pro Hac Vice pending*)
                                                          BARTLIT BECK LLP
                                                          1801 Wewatta Street, 12th Floor
                                                          Denver, CO 80202
                                                          (303) 592-3100
                                                          alison.wheeler@bartlitbeck.com
                                                          daniel.taylor@bartlitbeck.com
                                                          eric.dement@bartlitbeck.com

                                                          *Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

This is to certify that on September 27, 2023, a true and correct copy of the foregoing was served on the counsel of record for Plaintiff Andrea Sornberger listed below, via email and certified mail:

Jeffrey L. Bowling
BEDFORD, ROGERS &BOWLING, P.C.
303 North Jackson Street
P.O. Box 669
Russellville, AL 35653-0669
Telephone: (256) 332-2880
jeffbrbpc@bellsouth.net

D. Frank Davis (DAV009)
John E. Norris (NOR041)
Wesley W. Barnett (BAR141)
Dargan M. Ware (WAR089)
DAVIS & NORRIS, LLP
2154 Highland Avenue S.
Birmingham, AL 35205
Telephone: (205) 930-9900
Facsimile:  (205) 930-9989
fdavis@davisnorris.com
jnorris@davisnorris.com
wbarnett@davisnorris.com
dware@davisnorris.com

*Counsel for Plaintiff Andrea Sornberger*

/s/ John Earnhardt
John Earnhardt