FILED
2023 Sep-27  PM 04:05
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**NORTHWESTERN DIVISION**

ANDREA SORNBERGER,

*Plaintiff,*

v.

SCIPLAY CORP. and
SCIPLAY GAMES, LLC,

*Defendants.*

Case No. _____

## AFFIDAVIT OF ERIC DEMENT IN SUPPORT OF DEFENDANTS' NOTICE OF REMOVAL

I, Eric Dement, declare under penalty of perjury and under 28 U.S.C. § 1746, that the following is true and correct:

1.  I am one of the attorneys of record for Defendants SciPlay Corp. and SciPlay Games, LLC.

2.  I am authorized to execute this affidavit and am competent to testify about the matters contained here based on my personal knowledge. I submit this affidavit in support of Defendants' Notice of Removal.

3.  Attached to this affidavit as Exhibit A is a true and correct copy of the Complaint filed by plaintiff Andrea Sornberger in the Circuit Court of Franklin County, Alabama on August 25, 2023, *Sornberger v. SciPlay Corp.*, Case No. 33-CV-2023-900116.00.

4.  On September 5, 2023, SciPlay Corp.'s registered agent received a Summons and the Complaint by certified mail. Attached to this affidavit as Exhibit B is a copy of the service return filed on the state court docket.

5. On August 28, 2023, SciPlay Games, LLC's registered agent received a Summons and the Complaint by certified mail. Attached to this affidavit as Exhibit C is a true and correct copy of the Summons.

6. Attached as Exhibit D is a copy of the entire state court docket for *Sornberger v. SciPlay Corp.*, Case No. 33-CV-2023-900116.00 (retrieved on September 27, 2023).

7. Attached as Exhibit E is a copy of the entire federal court docket for Sornberger's originally filed case against Defendants, *Sornberger v. SciPlay Corp.*, Case No. 3:23-cv-00476-CLS (N.D. Ala.) (retrieved on September 27, 2023).

8. Attached as Exhibit F is a copy of the Amended Complaint for Sornberger's originally filed case against Defendants, *Sornberger v. SciPlay Corp.*, Case No. 3:23-cv-00476-CLS.

9. Attached as Exhibit G is a copy of Defendants' notice of removal for Sornberger's originally filed case against Defendants.

10. Attached as Exhibit H is a copy of Defendants' response to Sornberger's notice of supplemental authority in the originally filed case.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Signed on September 27, 2023.

_____
Eric F. Dement

STATE OF COLORADO      )
                             ) ss.
City and County of Denver   )

The attached instrument was acknowledged before me on September 27, 2023 by Eric F. Dement.

My Commission Expires: August 23, 2026

Witness my hand and official seal.

_____
Tammy Winchester
Notary Public, State of Colorado

TAMMY SUE WINCHESTER
Notary Public
State of Colorado
Notary ID # 20004034559
My Commission Expires 08-23-2026

# EXHIBIT A

ELECTRONICALLY FILED
8/25/2023 12:09 PM
33-CV-2023-900116.00
CIRCUIT COURT OF
FRANKLIN COUNTY, ALABAMA
ANITA SCOTT, CLERK

DOCUMENT 2

# IN THE CIRCUIT COURT
## OF FRANKLIN COUNTY ALABAMA

ANDREA SORNBERGER,                    )
                                      )
    Plaintiff,                        )
                                      )
v.                                    )    **Case No.:**
                                      )
SCIPLAY CORP.,                        )
                                      )
    Defendants.                       )

## COMPLAINT

1.    This case is brought pursuant to Section 8-1-150(b) of the Alabama Code, which allows "*any other person*" to recover money lost in gambling "for the use of the wife...children or ... next of kin of the loser." Ala. Code § 8-1-150(b) (emphasis supplied). As will be explained in detail below, this suit, brought by an individual for the use of those named in the statute, is not a class action pursuant to Rule 23 of the Alabama Rules of Civil Procedure. The legislature has chosen to allow *any person* to bring the case, and to allow the benefit to accrue to the family of the losing gamblers, whether or not that person is a proper class representative under Rule 23. It is also not a mass action under the federal Class Action Fairness Act since it is brought by one person. This suit is what is typically called a private attorney general action. Plaintiff does not seek to recover for the family members of any gambler who lost $75,000 or more during the limitations period.

2.      Defendant Sciplay makes available online games and applications across multiple platforms, that are games of chance, and thus illegal gambling, under Alabama law. Such games violate Alabama law if a patron pays money for the chance to win anything of value. As will be explained below, Sciplay's games allow players to win free or extended playing time, which is a thing of value under Alabama Law. Ala. Code § 13A-12-20(11).

## PARTIES, JURISDICTION, AND VENUE

3.      Plaintiff Andrea Sornberger is an adult resident citizen of Franklin County, Alabama.

4.      Defendant SciPlay Corporation is a corporation organized under the laws of the state of Delaware, with its principal place of business in Las Vegas, Nevada. It does business through its online gambling games in all counties in Alabama, including Plaintiff's resident county. It does not have a physical place of business in the state of Alabama.

5.      Defendant SciPlay Games, LLC is a corporation organized under the laws of the state of Nevada with its principal place of business in Las Vegas, Nevada. It does business through its online gambling games in all counties in Alabama, including Plaintiff's resident county. It does not have a physical place of business in the state of Alabama.

2

## FACTUAL BACKGROUND

6.     Defendant SciPlay makes available online games of chance in a variety of formats including, but not limited to, slot machines, other casino-style games, card games and other games of chance. Below is a typical example of such games:



7.     Customers initially receive some free coins to play the games. They then spend coins to play the game. For example, on the slot type games customers spend some of their coins to spin the reels. If they lose, they lose the coins wagered. If they win, they win additional coins allowing them to play longer. When a consumer runs out of coins entirely, they must purchase coins if they wish to continue playing the game with full functionality. Customers who purchase these coins do so to bet them in the same manner described above.

3

8.    Defendant collects millions of dollars in revenue each year from consumers who purchase coins in its apps and use them to play the slot machines and other games of chance found there.

## ALABAMA'S GAMBLING LAWS

9.    "[T]he public policy of this State, as recorded in the Constitution, is that illegal gambling is harmful." Alabama v. Epic Tech, L.L.C., 323 So.3d 572, 582 (Ala. 2020). Indeed, as stated by our Supreme Court as long ago as 1888 and as recently as 2020, Alabama's judiciary has long recognized the Legislature's condemnation of the societal harm of illegal gambling:

> This construction is in full harmony with the policy of the constitution and laws of Alabama prohibitory of the vicious system of lottery schemes and the evil practice of gaming, in all their protean shapes, tending, as centuries of human experience now fully attest, to mendicancy and idleness on the one hand, and moral profligacy and debauchery on the other. No state has more steadfastly emphasized its disapprobation of all these gambling devices of money-making by resort to schemes of chance than Alabama. For more than 40 years past -- we may say, from the organization of the state, with some few years of experimental leniency -- the voice of the legislature has been loud and earnest in its condemnation of these immoral practices, now deemed so enervating to the public morals.

State v. Epic Tech, LLC, 323 So. 3d 572, 582 (Ala. 2020) (quoting Johnson v. State, 83 Ala. 65, 3 So. 790, 791 (1888)).

10.    Alabama's public policy against gambling, as embodied in the Alabama Constitution, is so strong that its Legislature cannot permit a game of chance involving some skill unless skill is the dominant factor, not chance. Opinion of

4

DOCUMENT 2

Justices, 795 So. 2d 630 (Ala. 2001) (referencing Section 65 of the Alabama Constitution).

11.    The Alabama criminal laws pertaining to gambling are codified at Sections 13A-12-20 through 13A-12-92 of the Code of Alabama, 1975. Section 13A-12-22(a) states "[a] person commits the crime of promoting gambling if he knowingly advances or profits from unlawful gambling activity otherwise than as a player." Section 13A-12-23 adds: "A person commits the crime of conspiracy to promote gambling if he conspires to advance, or profit from gambling activity, otherwise than as a player."

12.    The statute also defines gambling itself. "A person engages in gambling if he stakes or risks something of value upon the outcome of a contest of chance or a future contingent event not under his control or influence, upon an agreement or understanding that he or someone else will receive something of value in the event of a certain outcome." Ala. Code § 13A-12-20(4) (1975).

13.    As noted above, players of defendants' games pay real money to purchase coins, which they then wager in the hopes of winning more coins so that they can continue to play without making additional purchases. They make this wager on the outcome of the spin of a slot machine or the results of other gambling games.

5

14. Under Alabama law, "something of value" specifically includes "extension of a service entertainment or a privilege of playing at a game or scheme without charge." Ala. Code § 13A-12-20(11). As a matter of law, paying money to get "coins" that one bets hoping to win more coins so as to gain the "privilege of playing at a game or scheme without charge" is gambling a thing of value in Alabama.

15. Alabama law also defines the term "contest of chance" to include "{a]ny contest, game, gaming scheme or gaming device in which the outcome depends in a material degree upon an element of chance, notwithstanding that skill of the contestants may also be a factor therein." Ala. Code § 13A-12-20(3). Defendants' gambling games are contests of chance under Alabama law.

16. As noted above, Alabama law provides a statutory civil cause of action to recover money paid and lost due to gambling. Ala. Code § 8-1-150. Subsection (b) of the statute provides:

> (b) *Any other person* may also recover the amount of such money, thing, or its value by an action commenced within 12 months after the payment or delivery thereof for the use of the wife or, if no wife, the children or, if no children, the next of kin of the loser.

Ala. Code § 8-1-150(b) (emphasis supplied). Plaintiff Andrea Sornberger is such an "other person" with respect to every Alabama citizen who paid money to Sciplay to play gambling games within the past 12 months. The Alabama Legislature, therefore, has explicitly authorized her to bring this action to return that money to

6

DOCUMENT 2

the families of the Alabamians who lost it. Plaintiff does not seek to recover the losses of any Alabama citizen who lost $75,000 or more during the statute of limitations period.

17.    While there is a dearth of Alabama caselaw interpreting the plain language of Section 8-1-150(b), authority from other states with similarly-worded statutes make it plain that such provisions should be enforced according to their unambiguous meaning. A notable recent example is <u>Commonwealth ex rel. Brown v. Stars Interactive Holdings (IOM), Ltd.</u>, 617 S.W. 3d 792 (Ky. 2020), where the Supreme Court of Kentucky was faced with a similar gambling recovery statute authorizing "any other person" to sue and recover for gambling losses incurred by Kentucky citizens. In that case, the state of Kentucky sued the offshore operator of an online gambling site called PokerStars. The state sought recovery of all losses by Kentucky citizens, invoking a statute very similar to Alabama's authorizing "any other person" to recover gambling losses. The defendant argued that the state was not a "person" within the meaning of the statute. The supreme court rejected that argument and reinstated the state's judgment against the defendant, reasoning that the word "any" in the phrase "any other person" "means one indiscriminately of whatever kind or class; one, no matter what one and is an indefinite pronominal adjective used to designate objects in a general way without pointing out any one in particular. By using the phrase 'any other person,' the General Assembly plainly

DOCUMENT 2

7

expressed that it meant to confer standing on *all* the kinds and classes of persons . . . *without exception*." Id. at 799 (internal quotations and citations omitted; emphasis supplied). Using this definition, plaintiff unquestionably has standing to represent the family of gamblers who lost money playing Defendant's games.

### THIS CASE IS NOT SUBJECT TO FEDERAL COURT JURISDICTION

18.    This action is not a class action. The legislature authorized "any person" to bring the suit, not just a person who could meet the requirements of Rule 23.

19.    The Alabama Supreme Court has held that when a statute authorizes "any person" to bring an action, it means what it says. See Bates v. Crane, 157 So. 3d 171, 174-75 (Ala. 2014) (interpreting statute that allowed any person to bring complaint before police board).

20.    Instead of a class action under Rule 23, this case is what is typically called a "private attorney general action." See Smith v. Southeastern Financial Corp., 337 So. 2d. 330 (Ala. 1976) ("The Civil Worthless Check Act by using the word 'unlawful' and allowing a civil action to be maintained regardless of whether a criminal action has been instituted promotes the private Attorney General concept."). In such an action, the state or other governmental unit authorizes an individual to act on its behalf and enforce the statute in a private action to enforce a public interest. See, e.g., National Consumers League v. Flowers Bakeries, LLC, 36 F. Supp. 3d 26, 32-33 (D.D.C. 2014). In the Flowers Bakeries case, the plaintiff

DOCUMENT 2

8

brought the case, as authorized by a District of Columbia statute, on behalf of purchasers of particular types of bread, who would recover if it prevailed in the case. Id. at 29. Likewise, Ms. Sornberger brings this case as a private attorney general for the benefit of the family of Alabamians who have lost money to Sciplay in illegal gambling, pursuant to Section 8-1-150, which explicitly authorizes this type of suit. Ms. Sornberger does not seek to recover for the family members of any Alabamian who lost $75,000 or more during the limitations period.

22.    The United States Supreme Court has held that actions by an attorney general, no matter how many people may benefit from them, are not "mass actions" or "class actions" under the Class Action Fairness Act, and so cannot be removed to federal court. Mississippi ex rel. Hood v. AU Optronics Corp., 571 U.S. 161, 176 (2014). In Hood, the defendants argued that a case like this one was a mass action under CAFA because, even though there was a single plaintiff, 100 or more persons would benefit from a recovery in the action. Id. at 169. The Supreme Court, in a unanimous decision, rejected this argument, stating that the 100 or more persons mentioned in CAFA "are not unspecified individuals who have no actual participation in the suit, but instead the very 'plaintiffs' referred to later in the sentence—the parties who are proposing to join their claims in a single trial." Id. The Supreme Court stated: "CAFA's '100 or more persons' phrase does not encompass unnamed persons who are real parties in interest to claims brought by

9

named plaintiffs." Id. Likewise, the federal circuit courts of appeals that have considered the issue have unanimously held that an attorney general or private attorney general action not invoking Rule 23 or a state law counterpart is similarly not a class action with the meaning of CAFA. Canela v. Costco Wholesale Corp., 071 F. 3d 845, 851 (9th Cir. 2020); Mississippi ex rel. Hood v. AU Optronics Corp., 701 F.3d 796, 799 (5th Cir. 2012), rev'd on other grounds, 571 U.S. 161. Because a suit by the Attorney General, like a private attorney general action, has only one plaintiff, and is not brought under Rule 23 or any state law equivalent, it is not removable under CAFA. Id. at 176. The same is true in the case at bar.

23.    Since Hood was decided in 2014, multiple federal courts have relied upon it to hold that private attorney general suits are likewise not covered by CAFA, and thus not removable unless the claims of the named plaintiff exceed $75,000 dollars in controversy. See, e.g., National Consumers League v. Flowers Bakeries, LLC, 36 F. Supp. 3d 26, 32-33 (D.D.C. 2014); Canela v. Costco Wholesale Corp., 971 F.3d 845, 853 (9th Cir. 2020). This case should likewise be heard in state court. The federal courts thus lack jurisdiction because the amount-in-controversy requirement for the named plaintiff cannot be met. For avoidance of doubt, plaintiff does not seek to recover for anyone who lost $75,000 or more during the statute of limitations period.

10

24.    The federal courts do not have jurisdiction over this civil action because the plaintiff does not allege that she seeks to recover for any person an amount of $75,000 or more, exclusive of interest and costs. Therefore, diversity jurisdiction does not exist because of the lack of the requisite amount in controversy.

## CLAIM FOR RELIEF

25.    Pursuant to Section 8-1-150(b) of the Alabama Code, Plaintiff Andrea Sornberger seeks recovery of all sums paid by Alabama residents to Sciplay in its online gambling games during the period beginning one year before the filing of this complaint until this case is resolved, except that she does not seek recovery of any money lost by an Alabama resident who lost $75,000 or more during the statute of limitations period.

26.    Plaintiff seeks this recovery to go to the benefit of the families of the gamblers who paid the money, as required by Section 8-1-150(b).

## PRAYER FOR RELIEF

Plaintiff respectfully prays that this court:

1) take jurisdiction of this cause;

2) following discovery, enter a final judgment against Sciplay awarding to the family and next of kin of all gamblers that made payments from Alabama all money paid to play the illegal gambling games described

11

herein, except for amounts paid by gamblers who lost $75,000 or more during the statute of limitations period;

3) appoint a special master to determine all proper recipients of the money at issue;

4) award interest and costs; and

5) award any other relief to which the Court finds plaintiff and the family members are entitled.

/s/ Jeffrey L. Bowling
Jeffrey L. Bowling
One of the Attorneys for Plaintiff

**COUNSEL:**
Jeffrey L. Bowling
BEDFORD, ROGERS & BOWLING, P.C.
303 North Jackson Street
P.O. Box 669
Russellville, AL 35653-0669
Telephone: 256.332.2880
jeffbrbpc@bellsouth.net

John E. Norris
D. Frank Davis
Wesley W. Barnett
Dargan M. Ware
DAVIS & NORRIS, LLP
Telephone: 205.930.9900
Facsimile: 205.930.9989
jnorris@davisnorris.com
fdavis@davisnorris.com
wbarnett@davisnorris.com
dware@davisnorris.com

DOCUMENT 2

12

PLEASE SERVE BY SERTIFIED MAIL, RETURN RECEIPT REQUESTED:

SciPlay Corporation
6601 Bermuda Road
Las Vegas, NV 89119

SciPlay Games, LLC
c/o Corporation Service Company, Inc.
641 South Lawrence Street
Montgomery, AL 36104

DOCUMENT 2

13



**ANITA SCOTT**
**CIRCUIT COURT CLERK**
P.O. BOX 160
RUSSELLVILLE, ALABAMA 35653

CERTIFIED MAIL



7022 3330 0002 3230 831⎣

8318



quadient

CORRECTION
IMI

**$017.07**
08/25/2023 ZIP 35653
043M31232635

US POSTAGE

361043580S COG7

# EXHIBIT B

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to: Cv 2390pttb

Scipplay Corporation
6601 Bermuda Rd
LAS Vegas NV 89119

9590 9402 7887 2234 6752 67

2. Article Number *(Transfer from service label)*



7022 3330 0002 3230 8301

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _[signature]_    ☑ Agent
                   ☐ Addressee

B. Received by *(Printed Name)*    C. Date of Delivery

Robin Ferraris    5-5-23

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:    ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
   ()

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053    Domestic Return Receipt

# EXHIBIT C

**From:** sop@cscglobal.com <sop@cscglobal.com>
**Sent:** Tuesday, August 29, 2023 8:54 AM
**To:** Cuddihy, John <jcuddihy@migration.lnw.com>
**Subject:** Notice of Service of Process - Transmittal Number:27551268

**WARNING:** This is an external email. Do not click links or open attachments unless you recognize the sender and know the content is safe.

**NOTICE OF SERVICE OF PROCESS**

**Transmittal Number: 27551268**
(Click the Transmittal Number to view your SOP)

Pursuant to client instructions, we are forwarding this summary and Notice of Service of Process.

| | |
|---|---|
| **Entity:** | Sciplay Games, LLC |
| **Entity I.D. Number:** | 3572472 |
| **Entity Served:** | Sciplay Games, LLC |
| **Title of Action:** | Andrea Sornberger vs. Sciplay Games, LLC |
| **Matter Name/ID:** | Andrea Sornberger vs. Sciplay Games, LLC (14532242) |
| **Document(s) type:** | Summons/Complaint |
| **Nature of Action:** | Violation of State/Federal Act |
| **Court/Agency:** | Franklin County Circuit Court, Alabama |
| **Case/Reference No:** | 33-CV-2023-900116.00 |
| **Jurisdiction Served:** | Alabama |
| **Date Served on CSC** | 08/28/2023 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |

**Sender Information:**
Bedford, Rogers & Bowling, P.C.
256-332-8861

**Primary Contact:**
John L. Cuddihy
Light & Wonder Inc. (Formerly Scientific Gaming)

**Electronic copy provided to:**
jcuddihy@lnw.com
rduarte@lnw.com
echee@lnw.com

---

**NOTES:**

To review other documents in this matter, please link to CSC's Matter Management Services at www.cscglobal.com

---

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the document(s) and taking appropriate action.

---

**251 Little Falls Drive, Wilmington, Delaware 19808-1674**
**(888) 690-2882  |  sop@cscglobal.com**

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>33-CV-2023-900116.00 |
| --- | --- | --- |

### IN THE CIRCUIT COURT OF FRANKLIN COUNTY, ALABAMA
### ANDREA SORNBERGER V. SCIPPLAY CORPORATION ET AL

**NOTICE TO:** SCIPLAY GAMES, LLC C/O CORPORATION SERVICE COMPANY, INC., 641 SOUTH LAWRENCE STREET, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), JEFFREY LOWELL BOWLING

*(Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: POST OFFICE BOX 669, RUSSELLVILLE, AL 35653

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of ANDREA SORNBERGER pursuant to the Alabama Rules of the Civil Procedure.

*[Name(s)]*

| 08/25/2023 | /s/ ANITA SCOTT | By: |
| --- | --- | --- |
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.      /s/ JEFFREY LOWELL BOWLING

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*                          *(Name of County)*

Alabama on _____.

*(Date)*

_____              _____              _____
*(Type of Process Server)*                *(Server's Signature)*                      *(Address of Server)*

_____              _____
*(Server's Printed Name)*                  *(Phone Number of Server)*

# EXHIBIT D

**ALABAMA SJIS CASE DETAIL**



**PREPARED FOR: DANIEL LOWERY**
9/27/2023 10:41:22 AM

alacourt.com    County: **33**    Case Number: **CV-2023-900116.00**    Court Action:
Style: **ANDREA SORNBERGER V. SCIPPLAY CORPORATION ET AL**

    Real Time

## Case

### Case Information

| | | | |
|---|---|---|---|
| County: | **33-FRANKLIN** | Case Number: **CV-2023-900116.00** | Judge: **BPH:BRIAN P HAMILTON** |
| Style: | **ANDREA SORNBERGER V. SCIPPLAY CORPORATION ET AL** | | |
| Filed: | **08/25/2023** | Case Status: **ACTIVE** | Case Type: **OTHER TORT** |
| Trial Type: | **BENCH** | Track: | Appellate Case: **0** |
| No of Plaintiffs: | **1** | No of Defendants: **2** | |

### Damages

| | | | |
|---|---|---|---|
| Damage Amt: | **0.00** | Punitive Damages: **0.00** | General Damages: **0.00** |
| No Damages: | | Compensatory Damages: **0.00** | |
| Pay To: | | Payment Frequency: | Cost Paid By: |

### Court Action

| | | |
|---|---|---|
| Court Action Code: | Court Action Desc: | Court Action Date: |
| Num of Trial days: **0** | Num of Liens: **0** | Judgment For: |
| Dispositon Date of Appeal: | Disposition Judge: **:** | Disposition Type: |
| Revised Judgement Date: | | Appeal Date: |
| Date Trial Began but No Verdict (TBNV1): | | |
| Date Trial Began but No Verdict (TBNV2): | | |

### Comments

Comment 1:
Comment 2:

### Appeal Information

| | | |
|---|---|---|
| Appeal Date: | Appeal Case Number: | Appeal Court: |
| Appeal Status: | Orgin Of Appeal: | |
| Appeal To: | Appeal To Desc: | LowerCourt Appeal Date: |
| Disposition Date Of Appeal: | Disposition Type Of Appeal: | |

### Administrative Information

| | | |
|---|---|---|
| Transfer to Admin Doc Date: | Transfer Reason: | Transfer Desc: |
| Number of Subponeas: | Last Update: **08/25/2023** | Updated By: **AJA** |

## Parties

### Party 1 - Plaintiff INDIVIDUAL - SORNBERGER ANDREA

### Party Information

| | | | |
|---|---|---|---|
| Party: | **C001-Plaintiff** | Name: **SORNBERGER ANDREA** | Type: **I-INDIVIDUAL** |
| Index: | **D SCIPPLAY COR** | Alt Name: | Hardship: **No**  JID: **BPH** |
| Address 1: | **763 BROOKE ROAD** | | Phone: **(256) 000-0000** |

| Address 2: | | | | | |
|---|---|---|---|---|---|
| City: | **SPRUCE PINE** | State: | **AL** | Zip: | **35585-0000** Country: **US** |
| SSN: | **XXX-XX-X925** | DOB: | | Sex: | **F** Race: |

## Court Action

| | | | |
|---|---|---|---|
| Court Action: | | Court Action Date: | |
| Amount of Judgement: **$0.00** | Court Action For: | Exemptions: | |
| Cost Against Party: **$0.00** | Other Cost: **$0.00** | Date Satisfied: | |
| Comment: | | Arrest Date: | |
| Warrant Action Date: | Warrant Action Status: | Status Description: | |

## Service Information

| | | | |
|---|---|---|---|
| Issued: | Issued Type: | Reissue: | Reissue Type: |
| Return: | Return Type: | Return: | Return Type: |
| Served: | Service Type | Service On: | Served By: |
| Answer: | Answer Type: | Notice of No Service: | Notice of No Answer: |

## Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|---|---|---|---|---|---|
| Attorney 1 | BOW037 | | BOWLING JEFFREY LOWELL | JEFFBRBPC@BELLSOUTH.NET | (256) 332-2880 |
| Attorney 2 | MCR008 | | MCREYNOLDS JOHN ANDREW IV | JOHNMCBRBPC@GMAIL.COM | (256) 332-2880 |
| Attorney 3 | HAR411 | | HARGETT EVAN MICHAEL | EVANBRBPC@GMAIL.COM | (256) 332-2880 |
| Attorney 4 | DAV009 | | DAVIS DUDLEY FRANK | FDAVIS@DAVISNORRIS.COM | (205) 930-9900 |
| Attorney 5 | NOR041 | | NORRIS JOHN EDWARD | JNORRIS@DAVISNORRIS.COM | (205) 930-9900 |
| Attorney 6 | WAR089 | | WARE DARGAN MANER | DWARE@DAVISNORRIS.COM | (205) 930-9900 |

### *Party 2 - Defendant BUSINESS - SCIPPLAY CORPORATION*

## Party Information

| | | | | | |
|---|---|---|---|---|---|
| Party: | **D001-Defendant** | Name: | **SCIPPLAY CORPORATION** | | Type: **B-BUSINESS** |
| Index: | **C SORNBERGER A** | Alt Name: | | Hardship: **No** | JID: **BPH** |
| Address 1: | **6601 BERMUDA ROAD** | | | Phone: **(256) 000-0000** | |
| Address 2: | | | | | |
| City: | **LAS VEGAS** | State: | **NV** | Zip: **89119-0000** | Country: **US** |
| SSN: | **XXX-XX-X999** | DOB: | | Sex: | Race: |

## Court Action

| | | | |
|---|---|---|---|
| Court Action: | | Court Action Date: | |
| Amount of Judgement: **$0.00** | Court Action For: | Exemptions: | |
| Cost Against Party: **$0.00** | Other Cost: **$0.00** | Date Satisfied: | |
| Comment: | | Arrest Date: | |
| Warrant Action Date: | Warrant Action Status: | Status Description: | |

## Service Information

| | | | |
|---|---|---|---|
| Issued: **08/25/2023** | Issued Type: **C-CERTIFIED MAIL** | Reissue: | Reissue Type: |
| Return: | Return Type: | Return: | Return Type: |
| Served: **09/05/2023** | Service Type **C-CERTIFIED MAIL** | Service On: | Served By: |
| Answer: | Answer Type: | Notice of No Service: | Notice of No Answer: |

## Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|---|---|---|---|---|---|
| Attorney 1 | 000000 | | PRO SE | | |

## Party 3 - Defendant BUSINESS - SCIPLAY GAMES, LLC C/O CORPORATION SERVICE COMPANY

### Party Information

| | | | | | | |
|---|---|---|---|---|---|---|
| Party: | D002-Defendant | Name: | SCIPLAY GAMES, LLC C/O CORPORATION SERVICE COMPANY | | Type: | B-BUSINESS |
| Index: | C SORNBERGER A | Alt Name: | | Hardship: No | JID: | BPH |
| Address 1: | 641 SOUTH LAWRENCE STREET | | | Phone: | | |
| Address 2: | | | | | | |
| City: | MONTGOMERY | State: | AL | Zip: | 36104-0000 | Country: US |
| SSN: | XXX-XX-X999 | DOB: | | Sex: | Race: | |

Phone: (256) 000-0000

### Court Action

| | | | |
|---|---|---|---|
| Court Action: | | | Court Action Date: |
| Amount of Judgement: $0.00 | Court Action For: | | Exemptions: |
| Cost Against Party: $0.00 | Other Cost: $0.00 | | Date Satisfied: |
| Comment: | | | Arrest Date: |
| Warrant Action Date: | Warrant Action Status: | | Status Description: |

### Service Information

| | | | |
|---|---|---|---|
| Issued: 08/25/2023 | Issued Type: C-CERTIFIED MAIL | Reissue: | Reissue Type: |
| Return: | Return Type: | Return: | Return Type: |
| Served: 08/29/2023 | Service Type: C-CERTIFIED MAIL | Service On: | Served By: |
| Answer: | Answer Type: | Notice of No Service: | Notice of No Answer: |

### Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|---|---|---|---|---|---|
| Attorney 1 | 000000 | | PRO SE | | |

## Financial

### Fee Sheet

| Fee Status | Admin Fee | Fee Code | Payor | Payee | Amount Due | Amount Paid | Balance | Amount Hold | Garnish Party |
|---|---|---|---|---|---|---|---|---|---|
| ACTIVE | N | AOCC | C001 | 000 | $34.14 | $34.14 | $0.00 | $0.00 | 0 |
| ACTIVE | N | CONV | C001 | 000 | $15.26 | $15.26 | $0.00 | $0.00 | 0 |
| ACTIVE | N | CV05 | C001 | 000 | $301.00 | $301.00 | $0.00 | $0.00 | 0 |
| ACTIVE | N | VADM | C001 | 000 | $45.00 | $45.00 | $0.00 | $0.00 | 0 |
| | | | | Total: | $395.40 | $395.40 | $0.00 | $0.00 | |

### Financial History

| Transaction Date | Description | Disbursement Accoun | Transaction Batch | Receipt Number | Amount | From Party | To Party | Money Type | Admin Fee | Reason | Attorney | Operator |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 08/25/2023 | RECEIPT | AOCC | 2023234 | 14752400 | $34.14 | C001 | 000 | | N | | | MMC |
| 08/25/2023 | CREDIT | CONV | 2023234 | 14752500 | $15.26 | C001 | 000 | | N | | | MMC |
| 08/25/2023 | RECEIPT | CV05 | 2023234 | 14752600 | $301.00 | C001 | 000 | | N | | | MMC |
| 08/25/2023 | RECEIPT | VADM | 2023234 | 14752700 | $45.00 | C001 | 000 | | N | | | MMC |

## Case Action Summary

| Date: | Time | Code | Comments | | Operator |
|---|---|---|---|---|---|
| 8/25/2023 | 12:09 PM | ECOMP | COMPLAINT E-FILED. | | BOW037 |
| 8/25/2023 | 12:10 PM | FILE | FILED THIS DATE: 08/25/2023 | (AV01) | AJA |

| 8/25/2023 | 12:10 PM | EORD | E-ORDER FLAG SET TO "Y" (AV01) | AJA |
|---|---|---|---|---|
| 8/25/2023 | 12:10 PM | ASSJ | ASSIGNED TO JUDGE: BRIAN P HAMILTON (AV01) | AJA |
| 8/25/2023 | 12:10 PM | SCAN | CASE SCANNED STATUS SET TO: N (AV01) | AJA |
| 8/25/2023 | 12:10 PM | TDMN | BENCH/NON-JURY TRIAL REQUESTED (AV01) | AJA |
| 8/25/2023 | 12:10 PM | STAT | CASE ASSIGNED STATUS OF: ACTIVE (AV01) | AJA |
| 8/25/2023 | 12:10 PM | ORIG | ORIGIN: INITIAL FILING (AV01) | AJA |
| 8/25/2023 | 12:10 PM | C001 | C001 PARTY ADDED: SORNBERGER ANDREA (AV02) | AJA |
| 8/25/2023 | 12:10 PM | C001 | INDIGENT FLAG SET TO: N (AV02) | AJA |
| 8/25/2023 | 12:10 PM | C001 | LISTED AS ATTORNEY FOR C001: BOWLING JEFFREY LOWE | AJA |
| 8/25/2023 | 12:10 PM | C001 | LISTED AS ATTORNEY FOR C001: MCREYNOLDS JOHN ANDR | AJA |
| 8/25/2023 | 12:10 PM | C001 | LISTED AS ATTORNEY FOR C001: HARGETT EVAN MICHAEL | AJA |
| 8/25/2023 | 12:10 PM | C001 | LISTED AS ATTORNEY FOR C001: DAVIS DUDLEY FRANK | AJA |
| 8/25/2023 | 12:10 PM | C001 | LISTED AS ATTORNEY FOR C001: NORRIS JOHN EDWARD | AJA |
| 8/25/2023 | 12:10 PM | C001 | LISTED AS ATTORNEY FOR C001: WARE DARGAN MANER | AJA |
| 8/25/2023 | 12:10 PM | C001 | C001 E-ORDER FLAG SET TO "Y" (AV02) | AJA |
| 8/25/2023 | 12:10 PM | D001 | D001 PARTY ADDED: SCIPPLAY CORPORATION (AV02) | AJA |
| 8/25/2023 | 12:10 PM | D001 | INDIGENT FLAG SET TO: N (AV02) | AJA |
| 8/25/2023 | 12:10 PM | D001 | LISTED AS ATTORNEY FOR D001: PRO SE (AV02) | AJA |
| 8/25/2023 | 12:10 PM | D001 | CERTIFIED MAI ISSUED: 08/25/2023 TO D001 (AV02) | AJA |
| 8/25/2023 | 12:10 PM | D001 | D001 E-ORDER FLAG SET TO "Y" (AV02) | AJA |
| 8/25/2023 | 12:10 PM | D002 | D002 PARTY ADDED: SCIPLAY GAMES, LLC C/O CORPORATI | AJA |
| 8/25/2023 | 12:10 PM | D002 | INDIGENT FLAG SET TO: N (AV02) | AJA |
| 8/25/2023 | 12:10 PM | D002 | LISTED AS ATTORNEY FOR D002: PRO SE (AV02) | AJA |
| 8/25/2023 | 12:10 PM | D002 | CERTIFIED MAI ISSUED: 08/25/2023 TO D002 (AV02) | AJA |
| 8/25/2023 | 12:10 PM | D002 | D002 E-ORDER FLAG SET TO "Y" (AV02) | AJA |
| 8/31/2023 | 10:12 AM | ESCAN | SCAN - FILED 8/25/2023 - CERTIFIED MAIL | MMC |
| 9/5/2023 | 9:44 AM | D002 | SERVICE OF CERTIFIED MAI ON 08/29/2023 FOR D002 | MMC |
| 9/5/2023 | 9:45 AM | ESERC | SERVICE RETURN | MIC |
| 9/11/2023 | 2:09 PM | D001 | SERVICE OF CERTIFIED MAI ON 09/05/2023 FOR D001 | MMC |
| 9/11/2023 | 2:09 PM | ESERC | SERVICE RETURN | MIC |
| 9/11/2023 | 2:09 PM | ---- | SCANNED - SERVICE RETURN - TRANSMITTAL - E-NOTICE TRANSMITTALS | |

## *Images*

| Date: | Doc# | Title | Description | Pages |
|---|---|---|---|---|
| 8/25/2023 12:09:23 PM | 1 | CIVIL_COVER_SHEET | CIRCUIT COURT - CIVIL CASE | 1 |
| 8/25/2023 12:09:24 PM | 2 | COMPLAINT | | 13 |
| 8/25/2023 12:11:06 PM | 3 | COMPLAINT - TRANSMITTAL | E-NOTICE TRANSMITTALS | 3 |
| 8/25/2023 12:11:07 PM | 4 | COMPLAINT - SUMMONS | E-NOTICE TRANSMITTALS | 2 |
| 8/25/2023 12:00:05 AM | 5 | CERTIFIED MAIL | | 2 |
| 9/5/2023 9:45:31 AM | 6 | SERVICE RETURN | SERVICE RETURN | 1 |
| 9/5/2023 9:45:42 AM | 7 | SERVICE RETURN - TRANSMITTAL | E-NOTICE TRANSMITTALS | 6 |
| 9/11/2023 2:09:58 PM | 8 | SERVICE RETURN | SERVICE RETURN | 1 |
| 9/11/2023 2:09:59 PM | 9 | SERVICE RETURN - TRANSMITTAL | E-NOTICE TRANSMITTALS | 6 |

  *END OF THE REPORT*

# EXHIBIT E

CLOSED

**U.S. District Court**
**Northern District of Alabama (Northwestern)**
**CIVIL DOCKET FOR CASE #: 3:23-cv-00476-CLS**

Sornberger v. Sciplay Corporation et al
Assigned to: Judge C Lynwood Smith, Jr
Case in other court: Circuit Court of Franklin County, Alabama, 33-cv-23-900037
Cause: 28:1442 Petition for Removal

Date Filed: 04/12/2023
Date Terminated: 08/25/2023
Jury Demand: Plaintiff
Nature of Suit: 890 Other Statutory Actions
Jurisdiction: Federal Question

**Plaintiff**

**Andrea Sornberger**

represented by **D Frank Davis**
DAVIS & NORRIS LLP
2151 Highland Avenue, South, Suite 100
Birmingham, AL 35205
205-930-9900
Fax: 205-930-9989
Email: fdavis@davisnorris.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Dargan Maner Ware**
DAVIS & NORRIS, LLP
2154 Highland Avenue
Birmingham, AL 35205
930-9900
Fax: 930-9989
Email: dware@davisnorris.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeffrey L Bowling**
BEDFORD ROGERS & BOWLING PC
303 North Jackson Avenue
P O Box 669
Russellville, AL 35653
256-332-2880
Fax: 256-332-7821
Email: jeffbrbpc@bellsouth.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John Edward Norris**
DAVIS & NORRIS LLP
2154 Highland Avenue South
Birmingham, AL 35205
205-930-9900
Fax: 205-930-9989
Email: jnorris@davisnorris.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Wesley W Barnett**
DAVIS & NORRIS LLP
2154 Highland Avenue South
Birmingham, AL 35205
205-930-9900
Fax: 205-930-9989
Email: wbarnett@davisnorris.com

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Sciplay Corporation**                                    represented by  **Adam L Hoeflich**
BARTLIT BECK LLP
54 W. Hubbard Street, Suite 300
Chicago, IL 60654
312-494-4473
Fax: 312-494-4440
Email: adam.hoeflich@bartlitbeck.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Alison G Wheeler**
BARTLIT BECK LLP
1801 Wewatta Street, Suite 1200
Denver, CO 80202
303-592-3186
Fax: 303-592-3140
Email: alison.wheeler@bartlitbeck.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ana Carmen Chambers**
MAYNARD NEXSEN, PC
1901 Sixth Avenue North, Ste 1700
Birmingham, AL 35203
205-254-1000
Fax: 205-254-1999
Email: cchambers@maynardnexsen.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Daniel C Taylor**
BARTLIT BECK LLP
1801 Wewatta Street, Suite 1200
Denver, CO 80202
303-592-3100
Fax: 303-592-3140
Email: daniel.taylor@bartlitbeck.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Eric F Dement**
BARTLIT BECK LLP
1801 Wewatta Street, Suite 1200
Denver, CO 80202
303-592-3138
Fax: 303-592-3140
Email: eric.dement@bartlitbeck.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**John A Earnhardt**
MAYNARD NEXSEN, PC
1901 Sixth Avenue North, Ste 1700
Birmingham, AL 35203
205-254-1000

Fax: 205-254-1999
Email: jearnhardt@maynardnexsen.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Sciplay Games LLC**                          represented by **Adam L Hoeflich**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Alison G Wheeler**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ana Carmen Chambers**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Daniel C Taylor**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Eric F Dement**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**John A Earnhardt**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/12/2023 | 1 | NOTICE OF REMOVAL by Sciplay Corporation and Sciplay Games LLC from Circuit Court of Franklin County, Alabama, case number 33-cv-2023-900037 filed by Sciplay Corporation and Sciplay Games LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(AHI) (Entered: 04/13/2023) |
| 04/13/2023 | | Filing Fee: Filing fee $ 402, receipt_number AALNDC-4318508 (B-4781). related document 1 NOTICE OF REMOVAL by Sciplay Corporation and Sciplay Games LLC from Circuit Court of Franklin County, Alabama, case number 33-cv-2023-900037 filed by Sciplay Corporation and Sciplay Games LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(AHI). (Earnhardt, John) Modified on 4/13/2023 (AHI). (Entered: 04/13/2023) |
| 04/13/2023 | 2 | Corporate Disclosure Statement by Sciplay Games LLC. filed by Sciplay Games LLC (Earnhardt, John) (Entered: 04/13/2023) |
| 04/13/2023 | 3 | Corporate Disclosure Statement by Sciplay Games LLC. filed by Sciplay Games LLC (Earnhardt, John) (Entered: 04/13/2023) |
| 04/13/2023 | 4 | Unopposed MOTION for Extension of Time to File Answer by Sciplay Corporation, Sciplay Games LLC. (Earnhardt, John) (Entered: 04/13/2023) |
| 04/18/2023 | 5 | ORDER: The Court **GRANTS** the 4 Motion for Extension of Time to Answer and Defendants shall respond to plaintiff's complaint no later than 10 days following the court's ruling on the anticipated motion to remand, if the action is not remanded or plaintiff fails to file a motion to remand within 30 days of the notice of removal as required, defendants shall file their response to plaintiff's complaint by 5/23/2023. Signed by Judge C Lynwood Smith, Jr on 4/18/2023. (AHI) (Entered: 04/18/2023) |

| 04/26/2023 | 6 | MOTION for Leave to Appear Pro Hac Vice *of Eric F. Dement* by Sciplay Corporation, Sciplay Games LLC. (Earnhardt, John) (Entered: 04/26/2023) |
|---|---|---|
| 04/26/2023 | 7 | MOTION for Leave to Appear Pro Hac Vice *of Adam L. Hoeflich* by Sciplay Corporation, Sciplay Games LLC. (Earnhardt, John) (Entered: 04/26/2023) |
| 04/26/2023 | 8 | MOTION for Leave to Appear Pro Hac Vice *of Daniel C. Taylor* by Sciplay Corporation, Sciplay Games LLC. (Earnhardt, John) (Entered: 04/26/2023) |
| 04/26/2023 | 9 | MOTION for Leave to Appear Pro Hac Vice *of Alison G. Wheeler* by Sciplay Corporation, Sciplay Games LLC. (Earnhardt, John) (Entered: 04/26/2023) |
| 04/26/2023 | | PHV Fee paid: $ 75, receipt number AALNDC-4329195 (B-4981). (Earnhardt, John) Modified on 4/26/2023 (AHI). (Entered: 04/26/2023) |
| 04/26/2023 | | PHV Fee paid: $ 75, receipt number AALNDC-4329203 (B-4982). (Earnhardt, John) Modified on 4/26/2023 (AHI). (Entered: 04/26/2023) |
| 04/26/2023 | | PHV Fee paid: $ 75, receipt number AALNDC-4329207 (B-4983). (Earnhardt, John) Modified on 4/26/2023 (AHI). (Entered: 04/26/2023) |
| 04/26/2023 | | PHV Fee paid: $ 75, receipt number AALNDC-4329210 (B-4984). (Earnhardt, John) Modified on 4/26/2023 (AHI). (Entered: 04/26/2023) |
| 04/26/2023 | 10 | ORDER: The Court **GRANTS** the 9 Motion for Leave to Appear PHV for Alison G. Wheeler. Signed by Judge C Lynwood Smith, Jr on 4/26/2023. (AHI) (Entered: 04/26/2023) |
| 04/26/2023 | 11 | ORDER: The Court **GRANTs** the 8 Motion for Leave to Appear PHV for Daniel C. Taylor. Signed by Judge C Lynwood Smith, Jr on 4/26/2023. (AHI) (Entered: 04/26/2023) |
| 04/26/2023 | 12 | ORDER: The Court **GRANTS** the 7 Motion for Leave to Appear PHV for Adam L. Hoeflich. Signed by Judge C Lynwood Smith, Jr on 4/26/2023. (AHI) (Entered: 04/26/2023) |
| 04/26/2023 | 13 | ORDER: The Court **GRANTS** the 6 Motion for Leave to Appear PHV for Eric F. Dement. Signed by Judge C Lynwood Smith, Jr on 4/26/2023. (AHI) (Entered: 04/26/2023) |
| 04/27/2023 | 14 | MOTION to Remand to State Court by Andrea Sornberger. (Ware, Dargan) (Entered: 04/27/2023) |
| 04/28/2023 | 15 | ORDER: The defendants are to response to the motion to remand by 5/19/2023. Signed by Judge C Lynwood Smith, Jr on 4/28/2023. (AHI) (Entered: 04/28/2023) |
| 05/19/2023 | 16 | RESPONSE in Opposition re 14 MOTION to Remand to State Court filed by Sciplay Corporation, Sciplay Games LLC. (Attachments: # 1 Exhibit 1 - Alvarado Affidavit)(Earnhardt, John) (Entered: 05/19/2023) |
| 05/22/2023 | 17 | Unopposed MOTION for Leave to File *Reply Brief* by Andrea Sornberger. (Ware, Dargan) (Entered: 05/22/2023) |
| 05/23/2023 | 18 | ORDER: The Court **GRANTS** the 17 motion for leave to file a reply to defendants' opposition to motion to remand and re ply is due by 5/30/2023. Signed by Judge C Lynwood Smith, Jr on 5/23/2023. (AHI) (Entered: 05/23/2023) |
| 05/30/2023 | 19 | REPLY to Response to Motion re 14 MOTION to Remand to State Court *of Franklin County, Alabama* filed by Andrea Sornberger. (Ware, Dargan) (Entered: 05/30/2023) |
| 08/14/2023 | 20 | NOTICE by Andrea Sornberger *of Supplemental Authority* (Attachments: # 1 Exhibit A. Rice v. Aristocrat Order) (Ware, Dargan) (Entered: 08/14/2023) |
| 08/14/2023 | 21 | RESPONSE to re 20 *Plaintiff's Notice of Supplemental Authority* filed by Sciplay Corporation, Sciplay Games LLC. (Earnhardt, John) (Entered: 08/14/2023) |
| 08/15/2023 | 22 | REPLY to re 21 *Response to Notice of Supplemental Authority* filed by Andrea Sornberger. (Ware, Dargan) (Entered: 08/15/2023) |
| 08/23/2023 | 23 | MOTION for Leave to File *Response to Defendant's Showing of Cause* by Andrea Sornberger. (Ware, Dargan) (Entered: 08/23/2023) |
| 08/23/2023 | 24 | AMENDED COMPLAINT against All Defendants, filed by Andrea Sornberger.(Ware, Dargan) (Entered: 08/23/2023) |
| 08/24/2023 | 25 | RESPONSE to re 23 *Defendants' Response to Plaintiff's Motion to Allow a Response* filed by Sciplay Corporation, Sciplay Games LLC. (Earnhardt, John) (Entered: 08/24/2023) |
| 08/24/2023 | 26 | NOTICE of Voluntary Dismissal by Andrea Sornberger (Ware, Dargan) (Entered: 08/24/2023) |
| 08/25/2023 | 27 | CLERK'S COURT MINUTE ENTRY OF VOLUNTARY DISMISSAL: Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), and the voluntary dismissal of all claims in this action **WITHOUT PREJUDICE** this action is **CLOSED** at the direction of the Court.(AHI) (Entered: 08/25/2023) |

| **PACER Service Center** | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 09/27/2023 07:21:19 | | | |
| **PACER Login:** | BB039600 | **Client Code:** | 1614006 |
| **Description:** | Docket Report | **Search Criteria:** | 3:23-cv-00476-CLS |
| **Billable Pages:** | 4 | **Cost:** | 0.40 |

# EXHIBIT F

FILED

2023 Aug-23  PM 05:33
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION**

| | |
|---|---|
| ANDREA SORNBERGER,          ) | |
| )                          | |
| **Plaintiff,**   ) | |
| )                          | |
| v.                           ) | **Civil Action No. 3:23-CV-476-CLS** |
| )                          | |
| SCIPLAY CORP.,               ) | |
| )                          | |
| **Defendants.**   ) | |

## AMENDED COMPLAINT

1.     This case is brought pursuant to Section 8-1-150(b) of the Alabama Code, which allows "***any other person***" to recover money lost in gambling "for the use of the wife…children or … next of kin of the loser." Ala. Code § 8-1-150(b) (emphasis supplied). As will be explained in detail below, this suit, brought by an individual for the use of those named in the statute, is not a class action pursuant to Rule 23 of the Alabama Rules of Civil Procedure. The legislature has chosen to allow ***any person*** to bring the case, and to allow the benefit to accrue to the family of the losing gamblers, whether or not that person is a proper class representative under Rule 23. It is also not a mass action under the federal Class Action Fairness Act since it is brought by one person. This suit is what is typically called a private attorney general action.

2.      Defendant Sciplay makes available online games and applications across multiple platforms, that are games of chance, and thus illegal gambling, under Alabama law. Such games violate Alabama law if a patron pays money for the chance to win anything of value. As will be explained below, Sciplay's games allow players to win free or extended playing time, which is a thing of value under Alabama Law. Ala. Code § 13A-12-20(11).

## PARTIES, JURISDICTION, AND VENUE

3.      Plaintiff Andrea Sornberger is an adult resident citizen of Franklin County, Alabama.

4.      Defendant SciPlay Corporation is a corporation organized under the laws of the state of Delaware, with its principal place of business in Las Vegas, Nevada. It does business through its online gambling games in all counties in Alabama, including Plaintiff's resident county. It does not have a physical place of business in the state of Alabama.

5.      Defendant SciPlay Games, LLC is a corporation organized under the laws of the state of Nevada with its principal place of business in Las Vegas, Nevada. It does business through its online gambling games in all counties in Alabama, including Plaintiff's resident county. It does not have a physical place of business in the state of Alabama.

6.      This Court does not have jurisdiction over this civil action because the plaintiff does not allege that she seeks to recover for any person an amount greater than $75,000, exclusive of interest and costs. Therefore, this Court lacks diversity jurisdiction because of the lack of the requisite amount in controversy, as set forth in plaintiff's motion to remand and supporting briefs.

<strong>FACTUAL BACKGROUND</strong>

7.      Defendant SciPlay makes available online games of chance in a variety of formats including, but not limited to, slot machines, other casino-style games, card games and other games of chance. Below is a typical example of such games:



8.      Customers initially receive some free coins to play the games. They then spend coins to play the game. For example, on the slot type games customers spend some of their coins to spin the reels. If they lose, they lose the coins wagered.

3

If they win, they win additional coins allowing them to play longer. When a consumer runs out of coins entirely, they must either stop playing the game or spend real money to purchase additional coins, which can be spent in the same way.

9.      Defendant collects millions of dollars in revenue each year from consumers who purchase coins in its apps and use them to play the slot machines and other games of chance found there.

## ALABAMA'S GAMBLING LAWS

10.      "[T]he public policy of this State, as recorded in the Constitution, is that illegal gambling is harmful." Alabama v. Epic Tech, L.L.C., 323 So.3d 572, 582 (Ala. 2020). Indeed, as stated by our Supreme Court as long ago as 1888 and as recently as 2020, Alabama's judiciary has long recognized the Legislature's condemnation of the societal harm of illegal gambling:

> This construction is in full harmony with the policy of the constitution and laws of Alabama prohibitory of the vicious system of lottery schemes and the evil practice of gaming, in all their protean shapes, tending, as centuries of human experience now fully attest, to mendicancy and idleness on the one hand, and moral profligacy and debauchery on the other. No state has more steadfastly emphasized its disapprobation of all these gambling devices of money-making by resort to schemes of chance than Alabama. For more than 40 years past -- we may say, from the organization of the state, with some few years of experimental leniency -- the voice of the legislature has been loud and earnest in its condemnation of these immoral practices, now deemed so enervating to the public morals.

State v. Epic Tech, LLC, 323 So. 3d 572, 582 (Ala. 2020) (quoting Johnson v. State, 83 Ala. 65, 3 So. 790, 791 (1888)).

4

11. Alabama's public policy against gambling, as embodied in the Alabama Constitution, is so strong that its Legislature cannot permit a game of chance involving some skill unless skill is the dominant factor, not chance. Opinion of Justices, 795 So. 2d 630 (Ala. 2001) (referencing Section 65 of the Alabama Constitution).

12. The Alabama criminal laws pertaining to gambling are codified at Sections 13A-12-20 through 13A-12-92 of the Code of Alabama, 1975. Section 13A-12-22(a) states "[a] person commits the crime of promoting gambling if he knowingly advances or profits from unlawful gambling activity otherwise than as a player." Section 13A-12-23 adds: "A person commits the crime of conspiracy to promote gambling if he conspires to advance, or profit from gambling activity, otherwise than as a player."

13. The statute also defines gambling itself. "A person engages in gambling if he stakes or risks something of value upon the outcome of a contest of chance or a future contingent event not under his control or influence, upon an agreement or understanding that he or someone else will receive something of value in the event of a certain outcome." Ala. Code § 13A-12-20(4) (1975).

14. As noted above, players of defendants' games pay real money to purchase coins, which they then wager in the hopes of winning more coins so that they can continue to play without making additional purchases. They make this

5

wager on the outcome of the spin of a slot machine or the results of other gambling games.

15. Under Alabama law, "something of value" specifically includes "extension of a service entertainment or a privilege of playing at a game or scheme without charge." Ala. Code § 13A-12-20(11). As a matter of law, paying money to get "coins" that one bets hoping to win more coins so as to gain the "privilege of playing at a game or scheme without charge" is gambling a thing of value in Alabama.

16. Alabama law also defines the term "contest of chance" to include "{a]ny contest, game, gaming scheme or gaming device in which the outcome depends in a material degree upon an element of chance, notwithstanding that skill of the contestants may also be a factor therein." Ala. Code § 13A-12-20(3). Defendants' gambling games are contests of chance under Alabama law.

17. As noted above, Alabama law provides a statutory civil cause of action to recover money paid and lost due to gambling. Ala. Code § 8-1-150. Subsection (b) of the statute provides:

> (b) *Any other person* may also recover the amount of such money, thing, or its value by an action commenced within 12 months after the payment or delivery thereof for the use of the wife or, if no wife, the children or, if no children, the next of kin of the loser.

Ala. Code § 8-1-150(b) (emphasis supplied). Plaintiff Andrea Sornberger is such an "other person" with respect to every Alabama citizen who paid money to Sciplay to

6

play gambling games within the past 12 months. The Alabama Legislature, therefore, has explicitly authorized her to bring this action to return that money to the families of the Alabamians who lost it. Plaintiff does not seek to recover the losses of any Alabama citizen who lost $75,000 or more during the statute of limitations period.

18.    While there is a dearth of Alabama caselaw interpreting the plain language of Section 8-1-150(b), authority from other states with similarly-worded statutes make it plain that such provisions should be enforced according to their unambiguous meaning. A notable recent example is <u>Commonwealth ex rel. Brown v. Stars Interactive Holdings (IOM), Ltd.</u>, 617 S.W. 3d 792 (Ky. 2020), where the Supreme Court of Kentucky was faced with a similar gambling recovery statute authorizing "any other person" to sue and recover for gambling losses incurred by Kentucky citizens. In that case, the state of Kentucky sued the offshore operator of an online gambling site called PokerStars. The state sought recovery of all losses by Kentucky citizens, invoking a statute very similar to Alabama's authorizing "any other person" to recover gambling losses. The defendant argued that the state was not a "person" within the meaning of the statute. The supreme court rejected that argument and reinstated the state's judgment against the defendant, reasoning that the word "any" in the phrase "any other person" "means one indiscriminately of whatever kind or class; one, no matter what one and is an indefinite pronominal

7

adjective used to designate objects in a general way without pointing out any one in particular. By using the phrase 'any other person,' the General Assembly plainly expressed that it meant to confer standing on **all** the kinds and classes of persons . . . **without exception**." <u>Id.</u> at 799 (internal quotations and citations omitted; emphasis supplied). Using this definition, plaintiff unquestionably has standing to represent the family of gamblers who lost money playing Defendant's games.

### THIS CASE IS NOT SUBJECT TO FEDERAL COURT JURISDICTION

19.　　This action is not a class action. The legislature authorized "any person" to bring the suit, not just a person who could meet the requirements of Rule 23.

20.　　The Alabama Supreme Court has held that when a statute authorizes "any person" to bring an action, it means what it says. <u>See</u> <u>Bates v. Crane</u>, 157 So. 3d 171, 174-75 (Ala. 2014) (interpreting statute that allowed any person to bring complaint before police board).

21.　　Instead of a class action under Rule 23, this case is what is typically called a "private attorney general action." <u>See</u> <u>Smith v. Southeastern Financial Corp.</u>, 337 So. 2d. 330 (Ala. 1976) ("The Civil Worthless Check Act by using the word 'unlawful' and allowing a civil action to be maintained regardless of whether a criminal action has been instituted promotes the private Attorney General concept."). In such an action, the state or other governmental unit authorizes an individual to act on its behalf and enforce the statute in a private action to enforce a

public interest. <u>See, e.g.</u>, <u>National Consumers League v. Flowers Bakeries, LLC</u>, 36 F. Supp. 3d 26, 32-33 (D.D.C. 2014). In the <u>Flowers Bakeries</u> case, the plaintiff brought the case, as authorized by a District of Columbia statute, on behalf of purchasers of particular types of bread, who would recover if it prevailed in the case. <u>Id</u>. at 29. Likewise, Ms. Sornberger brings this case as a private attorney general for the benefit of the family of Alabamians who have lost money to Sciplay in illegal gambling, pursuant to Section 8-1-150, which explicitly authorizes this type of suit.

22.     The United States Supreme Court has held that actions by an attorney general, no matter how many people may benefit from them, are not "mass actions" or "class actions" under the Class Action Fairness Act, and so cannot be removed to federal court. <u>Mississippi ex rel. Hood v. AU Optronics Corp.</u>, 571 U.S. 161, 176 (2014). In <u>Hood</u>, the defendants argued that a case like this one was a mass action under CAFA because, even though there was a single plaintiff, 100 or more persons would benefit from a recovery in the action. <u>Id</u>. at 169. The Supreme Court, in a unanimous decision, rejected this argument, stating that the 100 or more persons mentioned in CAFA "are not unspecified individuals who have no actual participation in the suit, but instead the very 'plaintiffs' referred to later in the sentence—the parties who are proposing to join their claims in a single trial." <u>Id</u>. The Supreme Court stated: "CAFA's '100 or more persons' phrase does not encompass unnamed persons who are real parties in interest to claims brought by

9

named plaintiffs." Id. Likewise, the federal circuit courts of appeals that have considered the issue have unanimously held that an attorney general or private attorney general action not invoking Rule 23 or a state law counterpart is similarly not a class action with the meaning of CAFA. Canela v. Costco Wholesale Corp., 071 F. 3d 845, 851 (9th Cir. 2020); Mississippi ex rel. Hood v. AU Optronics Corp., 701 F.3d 796, 799 (5th Cir. 2012), rev'd on other grounds, 571 U.S. 161. Because a suit by the Attorney General, like a private attorney general action, has only one plaintiff, and is not brought under Rule 23 or any state law equivalent, it is not removable under CAFA. Id. at 176. The same is true in the case at bar.

23.    Since Hood was decided in 2014, multiple federal courts have relied upon it to hold that private attorney general suits are likewise not covered by CAFA, and thus not removable unless the claims of the named plaintiff exceed $75,000 dollars in controversy. See, e.g., National Consumers League v. Flowers Bakeries, LLC, 36 F. Supp. 3d 26, 32-33 (D.D.C. 2014); Canela v. Costco Wholesale Corp., 971 F.3d 845, 853 (9th Cir. 2020). This case should likewise be heard in state court. The federal courts thus lack jurisdiction because the amount-in-controversy requirement for the named plaintiff cannot be met. For avoidance of doubt, plaintiff does not seek to recover for anyone who lost $75,000 or more during the statute of limitations period.

## CLAIM FOR RELIEF

24.    Pursuant to Section 8-1-150(b) of the Alabama Code, Plaintiff Andrea Sornberger seeks recovery of all sums paid by Alabama residents to Sciplay in its online gambling games during the period beginning one year before the filing of this complaint until this case is resolved, except that she does not seek recovery of any money lost by an Alabama resident who lost $75,000 or more during the statute of limitations period.

25.    Plaintiff seeks this recovery to go to the benefit of the families of the gamblers who paid the money, as required by Section 8-1-150(b).

## PRAYER FOR RELIEF

Plaintiff respectfully prays that this court:

1)  take jurisdiction of this cause;

2)  following discovery, enter a final judgment against Sciplay awarding to the family and next of kin of all gamblers that made payments from Alabama all money paid to play the illegal gambling games described herein, except for amounts paid by gamblers who lost $75,000 or more during the statute of limitations period;

3)  appoint a special master to determine all proper recipients of the money at issue;

4)  enter a permanent injunction preventing Sciplay from continuing its illegal

    activities in Alabama;

5)  award interest and costs; and

6)  award any other relief to which the Court finds plaintiff and the family

    members are entitled.

/s/ Dargan M. Ware
Dargan M. Ware
One of the Attorneys for Plaintiff

**COUNSEL:**

John E. Norris
D. Frank Davis
Wesley W. Barnett
Dargan M. Ware
DAVIS & NORRIS, LLP
Telephone: 205.930.9900
Facsimile: 205.930.9989
jnorris@davisnorris.com
fdavis@davisnorris.com
wbarnett@davisnorris.com
dware@davisnorris.com

Jeffrey L. Bowling
BEDFORD, ROGERS & BOWLING, P.C.
303 North Jackson Street
P.O. Box 669
Russellville, AL 35653-0669
Telephone: 256.332.2880
jeffbrbpc@bellsouth.net

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served on all counsel of record in this case through the CM/ECF system of the United States District Court for the Northern District of Alabama on August 23, 2023.

/s/    Dargan M. Ware
One of the attorneys for Plaintiff

# EXHIBIT G

FILED

2023 Apr-13  AM 08:58
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### NORTHWESTERN DIVISION

ANDREA SORNBERGER,

    *Plaintiff,*

v.

SCIPLAY CORP. and
SCIPLAY GAMES, LLC,

    *Defendants.*

Case No. _____

## <u>DEFENDANTS' NOTICE OF REMOVAL</u>

Defendants SciPlay Corp. and SciPlay Games, LLC (collectively "Defendants"), without waiving the right to assert any defenses available to them, including lack of personal jurisdiction, remove this action from the Circuit Court of Franklin County, Alabama to the United States District Court for the Northern District of Alabama, under 28 U.S.C. §§ 1332, 1441, and 1446. This Court has diversity jurisdiction over the case under 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between the plaintiff and Defendants and the amount in controversy exceeds $75,000.

## I.    Overview

1.     On March 8, 2023, Andrea Sornberger ("Plaintiff") sued Defendants in the Circuit Court of Franklin County, Alabama, Case No. 33-CV-2023-900037.00. *See* Ex. 1, Affidavit of Eric Dement ("Dement Aff."), Ex. A ("Complaint").

2.     SciPlay Corp.'s registered agent received a summons and complaint by certified mail on March 18, 2023. *See* Dement Aff., Ex. B, Ex. D at 2. The registered agent for SciPlay Games, LLC received a summons and complaint by certified mail on March 13, 2023. *See id.* Ex. C, Ex. D at 3.

3.     Exhibits A through D attached to the Affidavit of Eric Dement constitute all process and pleadings served on Defendants in this case, as well as the entire state court docket, and are attached to this Notice of Removal. *See* 28 U.S.C. §1446(a). No substantive motions are pending in the state court.

4.     Plaintiff's Complaint concerns Defendants' online social casino-style video games. These games contain casino-themed slot machines for play. Complaint ¶¶ 2, 7. The games are free to download and play on mobile devices and through Facebook. *Id.* ¶ 8. While the

2

games emulate slot machines, players do not use money. *Id.* ¶¶ 7–8, 14. Instead, they use virtual coins—freely distributed, symbolic tokens with no value outside the games—to spin the "slots" of the social casinos. *Id.* ¶¶ 7–8, 14. Plaintiff contends that the use of virtual coins in such video games constitutes illegal gambling in violation of Alabama law. *Id.* ¶¶ 14–18.

5.      Plaintiff seeks to recover the amounts spent by all players in Alabama on Defendants' "online gambling games during the period beginning one year before the filing of this complaint until this case is resolved" "to go to the benefit of the families of the gamblers who paid the money." *Id.* ¶¶ 24–25.

6.      Both Defendants join the removal of this case to federal court. *See* 28 U.S.C. § 1446(b)(2)(A); *Cook v. Randolph Cnty., Ga.*, 573 F.3d 1143, 1150–51 (11th Cir. 2009).

7.      Plaintiff did not demand a jury trial in state court. *See* Dement Aff., Ex. A ¶ 4; *see also generally* Complaint.

## II.     Parties

8.      Plaintiff is an Alabama citizen who resides in Franklin County, Alabama. *Id.* ¶ 3.

3

9. SciPlay Corp. is a corporation incorporated under Nevada law. Ex. 2, Affidavit of Robert Gustafson ("Gustafson Aff.") ¶ 5.[1] It has its principal place of business in Las Vegas, Nevada. *Id.*; Complaint ¶ 4.

10. SciPlay Games, LLC, is a limited liability company formed under Nevada law. Gustafson Aff. ¶ 3. Its only member is SciPlay Parent Company, LLC, a Nevada limited liability company. *Id.* SciPlay Parent Company, LLC has two members: Defendant SciPlay Corp. and LNW Social Holding Company I, LLC. *Id.* ¶ 4. LNW Social Holding Company I, LLC's only member is LNW Social Holding Company II, LLC. *Id.* ¶ 6. LNW Social Holding Company II, LLC's only member is Light and Wonder International, Inc., a corporation incorporated under Delaware law with its principal place of business in Las Vegas, Nevada. *Id.* ¶ 7. The below organizational chart shows this ownership structure:

---

[1] The Complaint incorrectly alleges that SciPlay Corp. is incorporated under Delaware Law. *Compare* Complaint ¶ 4, *with* Gustafson Aff. ¶ 5. In any event, Plaintiff's conflicting argument about SciPlay Corp's citizenship does not affect removability because even under Plaintiff's claim, the parties are completely diverse, and SciPlay Corp. is not an Alabama citizen. *Cf.* 28 U.S.C. § 1441(b)(2).



11.     Thus, SciPlay Corp. is a Nevada citizen, and SciPlay Games, LLC is a Nevada and Delaware citizen.

## III.  Removal is timely.

12.     Defendants SciPlay Corp. and SciPlay Games, LLC were served with a copy of the Complaint and summons on March 18, 2023 and March 13, 2023, respectively. This Notice of Removal, filed within 30

days of service, is therefore timely under 28 U.S.C. § 1446(b). *See Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999) (holding that the 30-day removal period runs from receipt of formal service of process, including a summons).

## IV. Jurisdiction and Venue

13.    By removing this action, Defendants do not consent to this Court exercising personal jurisdiction over them and reserve the right to move for dismissal on that ground. *See Kostelac v. Allianz Glob. Corp. & Specialty AG*, 517 F. App'x 670, 675 n.6 (11th Cir. 2013).

14.    This Court has subject matter jurisdiction over the case based on diversity jurisdiction under 28 U.S.C. § 1332(a), which provides the Court with "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states."

15.    Venue is proper in this district and division under 28 U.S.C. § 1441(a), because the state court where the suit has been pending is both in this district and in this division.

## V. Diversity jurisdiction provides a basis for removal.

16.    Removal of this case is proper under 28 U.S.C. §§ 1441(a), 1441(b), and 1332(a). Together, these statutes allow for the removal of

any civil action between "citizens of different states" where the amount in controversy exceeds $75,000, provided that no defendant "properly joined and served . . . is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b).

17.  This Court has diversity jurisdiction over this case because the amount in controversy exceeds $75,000 and there is complete diversity between Plaintiff and Defendants.

### A.  The amount in controversy exceeds $75,000.

18.  To meet the "amount in controversy" requirement, "the matter in controversy" must "exceed[] the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

19.  Here, the Complaint does not specify a precise amount of damages. When that is the case, the removing defendants need only "prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010) (internal citation omitted).

20.  To meet its burden, the removing defendants may present additional evidence to establish that the amount in controversy exceeds $75,000, including "their own affidavits, declarations, or other

documentation." *Id.* at 755. In determining whether the removing defendants have met their burden, "courts may use their judicial experience and common sense." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010).

21.　Here, the amount in controversy requirement is satisfied based on the Complaint's allegations and the attached declarations. Plaintiff seeks to recover, under Alabama Code § 8-1-150(b), the amounts spent by all players of Defendants' games in the state of Alabama from March 2022 to March 2023, for "the family and next of kin of all gamblers." Complaint ¶¶ 1, 17, 24–25; *id.* at p.11. The total amount spent by Alabama users of Defendants' casino-themed social games between March 8, 2022 and March 8, 2023—the limitations period alleged by Plaintiff, *id.* ¶ 24—far exceeds $75,000. Ex. 3, Affidavit of Philip Alvarado ("Alvarado Aff.") ¶ 4. Indeed, during this period SciPlay grossed well above $1 million from Alabama users who paid to play social casino-style games. *Id.* ¶ 5. Thus, the amount in controversy is met.

## B.　Complete diversity exists between Plaintiff and Defendants.

22.　A case is removable based on diversity jurisdiction when it involves a controversy between "citizens of different states." 28 U.S.C.

§ 1332(a)(1).

23. Both when the Complaint was filed and as of the date this Notice of Removal is being filed, Plaintiff is an Alabama citizen, Defendant SciPlay Corp. is a Nevada citizen, and Defendant SciPlay Games, LLC is a Nevada and Delaware citizen. There is thus complete diversity between the adverse parties. Removal is therefore proper under 28 U.S.C. §§ 1441(a), 1441(b), and 1332(a).[2]

---

[2] In the alternative, and assuming *arguendo* that plaintiff is actually representing a class of SciPlay users, the case is also removable under the Class Action Fairness Act because (1) there are no fewer than 100 members in the proposed class; (2) there is at least minimal diversity between the plaintiff and Defendants; and (3) the case involves an aggregate amount in controversy greater than the sum or value of $5,000,000, exclusive of interest and costs. 28 U.S.C. §§ 1332(d)(2)(A), (d)(5)(B), (d)(6). Similarly, in the alternative, and assuming *arguendo* that plaintiff is actually representing a class of SciPlay users, the case would be removable under 28 U.S.C. § 1441 because this Court would have diversity and supplemental jurisdiction over the claims. There is complete diversity between the parties (including the Alabama citizens that Plaintiff purports to represent and Defendants) and Plaintiff's request for equitable relief in the form of disgorgement of Defendants' allegedly ill-gotten gains and their return to Alabama users may be aggregated to meet the amount in controversy requirement. *See Williams v. Purdue Pharma Co.*, 2003 WL 24259557, at *5 (D.D.C. Feb. 27, 2003) (holding that plaintiffs' complaint, which sought the refund of all monies unlawfully acquired by the defendant, presented aggregable claim for disgorgement); *Aetna U.S. Healthcare v. Hoechst Aktiengesellschaft*, 48 F. Supp. 2d 37, 40-42 (D.D.C. 1999) (concluding that disgorgement claim could be aggregated to meet amount in controversy).

## VI.  Notice to State Court and Plaintiff

24.    Counsel for Defendants certifies that, under 28 U.S.C. § 1446(d), copies of this Notice of Removal will be promptly filed with the Clerk of the Circuit Court for Franklin County, Alabama, and promptly served on counsel for Plaintiff.

## VII. Conclusion

25.    Removal of this action is proper under 28 U.S.C. §§ 1332, 1441, and 1446.

26.    Should Plaintiff move to remand this case, Defendants respectfully request an opportunity to respond more fully in writing, including submitting additional declarations and authority.

27.    Defendants reserve all their defenses.

28.    WHEREFORE, the case pending in the Circuit Court of Franklin County, Alabama, to the United States District Court for the Northern District of Alabama, Northwestern Division., is removed to the United States District Court for the Northern District of Alabama under 28 U.S.C. §§ 1332, 1441, and 1446.

Dated: April 12, 2023

Respectfully submitted,

*/s/ John Earnhardt*

John Earnhardt (ASB-3724-A49J)
Carmen Chambers (9445N13U)
MAYNARD NEXSEN, P.C.
1901 Sixth Ave N, Suite 1700
Birmingham, AL 35203
Tel: (205) 254-1204
jearnhardt@maynardnexsen.com
cchambers@maynardnexsen.com


Adam L. Hoeflich (*Pro Hac Vice pending*)
BARTLIT BECK LLP
54 W. Hubbard Street, Suite 300
Chicago, IL 60654
(312) 494-4400
adam.hoeflich@bartlitbeck.com

Alison G. Wheeler (*Pro Hac Vice pending*)
Daniel C. Taylor (*Pro Hac Vice pending*)
Eric. F. Dement (*Pro Hac Vice pending*)
BARTLIT BECK LLP
1801 Wewatta Street, 12th Floor
Denver, CO 80202
(303) 592-3100
alison.wheeler@bartlitbeck.com
daniel.taylor@bartlitbeck.com
eric.dement@bartlitbeck.com

*Attorneys for Defendants*

11

## CERTIFICATE OF SERVICE

This is to certify that on April 12, 2023, a true and correct copy of the foregoing was served on the counsel of record for Plaintiff Andrea Sornberger listed below, via email and certified mail:

Jeffrey L. Bowling
BEDFORD, ROGERS &BOWLING, P.C.
303 North Jackson Street
P.O. Box 669
Russellville, AL 35653-0669
Telephone: (256) 332-2880
jeffbrbpc@bellsouth.net

D. Frank Davis (DAV009)
John E. Norris (NOR041)
Wesley W. Barnett (BAR141)
Dargan M. Ware (WAR089)
DAVIS & NORRIS, LLP
2154 Highland Avenue S.
Birmingham, AL 35205
Telephone: (205) 930-9900
Facsimile: (205) 930-9989
fdavis@davisnorris.com
inorris@davisnorris.com
wbarnett@davisnorris.com
dware@davisnorris.com

*Counsel for Plaintiff Andrea Sornberger*

*/s/ John Earnhardt*
John Earnhardt

FILED
2023 Apr-13  AM 08:58
U.S. DISTRICT COURT
N.D. OF ALABAMA

# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

ANDREA SORNBERGER,

          *Plaintiff,*

v.

SCIPLAY CORP. and
SCIPLAY GAMES, LLC,

          *Defendants.*

Case No. _____

## AFFIDAVIT OF ERIC DEMENT IN SUPPORT OF DEFENDANTS' NOTICE OF REMOVAL

I, Eric Dement, declare under penalty of perjury and under 28 U.S.C. § 1746, that the following is true and correct:

1. I am one of the attorneys of record for Defendants SciPlay Corp. and SciPlay Games, LLC.

2. I am authorized to execute this affidavit and am competent to testify about the matters contained here based on my personal knowledge. I submit this affidavit in support of Defendants' Notice of Removal.

3. Attached to this affidavit as Exhibit A is a true and correct copy of the Complaint filed by plaintiff Andrea Sornberger in the

Circuit Court of Franklin County, Alabama on March 8, 2023, *Sornberger v. SciPlay Corp.*, Case No. 33-CV-2023-900037.00.

4. On March 18, 2023, SciPlay Corp.'s registered agent received a Summons and the Complaint by certified mail. Attached to this affidavit as Exhibit B is a true and correct copy of the Summons.

5. On March 13, 2022, SciPlay Games, LLC's registered agent received a Summons and the Complaint by certified mail. Attached to this affidavit as Exhibit C is a true and correct copy of the Summons.

6. Attached as Exhibit D is a copy of the entire state court docket for *Sornberger v. SciPlay Corp.*, Case No. 33-CV-2023-900037.00 (retrieved on April 11, 2023).

2

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Signed on April 12, 2023.

Eric F. Dement

STATE OF COLORADO )
                    ) ss.
City and County of Denver )

The attached instrument was acknowledged before me on April 12, 2023 by Eric F. Dement.

My Commission Expires: September 12, 2026

Witness my hand and official seal.

Kristine M. Vitgenos
Notary Public, State of Colorado

KRISTINE M VITGENOS
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 19924009969
MY COMMISSION EXPIRES SEPTEMBER 12, 2026

3

# EXHIBIT A

DOCUMENT 1
Case 3:23-cv-00476-SLS Document 1-1 Filed 04/27/23 Page 69 of 106
ELECTRONICALLY FILED
3/8/2023 1:57 PM
33-CV-2023-900037.00
CIRCUIT COURT OF
FRANKLIN COUNTY, ALABAMA
ANITA SCOTT, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev. 9/18 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Ca:<br>33<br><br>Date of Filing:<br>03/08/2023   Judge Code: |
|---|---|---|

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF FRANKLIN COUNTY, ALABAMA
### ANDREA SORNBERGER v. SCIPLAY CORPORATION ET AL

**First Plaintiff:** ☐ Business  ☑ Individual  ☐ Government  ☐ Other

**First Defendant:** ☑ Business  ☐ Individual  ☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/ Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/ Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ EPFA - Elder Protection From Abuse
- ☐ QTLB - Quiet Title Land Bank
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☑ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**  F ☑ INITIAL FILING    A ☐ APPEAL FROM DISTRICT COURT    O ☐ OTHER

R ☐ REMANDED    T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?**  ☐ YES  ☑ NO    Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**  ☑ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**
BOW037

3/8/2023 1:57:03 PM
Date

/s/ JEFFREY LOWELL BOWLING
Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**  ☐ YES  ☐ NO  ☑ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:**  ☐ YES  ☐ NO

ELECTRONICALLY FILED
3/8/2023 1:57 PM
33-CV-2023-900037.00
CIRCUIT COURT OF
FRANKLIN COUNTY, ALABAMA
ANITA SCOTT, CLERK

DOCUMENT 2

# IN THE CIRCUIT COURT
## OF FRANKLIN COUNTY ALABAMA

ANDREA SORNBERGER,  )
  )
    **Plaintiff,**  )
  )
v.  )    **Case no.:**
  )
SCIPLAY CORPORATION and  )
SCIPLAY GAMES, LLC,  )
  )
    **Defendant.**  )

## COMPLAINT

1.    This case is brought pursuant to Section 8-1-150(b) of the Alabama Code, which allows "***any other person***" to recover money lost in gambling "for the use of the wife…children or … next of kin of the loser." Ala. Code § 8-1-150(b) (emphasis supplied). As will be explained in detail below, this suit, brought by an individual for the use of those named in the statute, is not a class action pursuant to Rule 23 of the Alabama Rules of Civil Procedure. The legislature has chosen to allow ***any person*** to bring the case, and to allow the benefit to accrue to the family of the losing gamblers, whether or not that person is a proper class representative under Rule 23. It is also not a mass action under the federal Class Action Fairness Act since it is brought by one person. This suit is what is typically called a private attorney general action.

DOCUMENT 2

2.      Defendant SciPlay makes available online games and applications across multiple platforms that are games of chance, and thus illegal gambling, under Alabama law. Such games violate Alabama law if a patron pays money for the chance to win anything of value. As will be explained below, SciPlay's games allow players to win free or extended playing time, which is a thing of value under Alabama Law. Ala. Code § 13A-12-20(11).

## PARTIES, JURISDICTION, AND VENUE

3.      Plaintiff Andrea Sornberger is an adult resident citizen of Franklin County, Alabama.

4.      Defendant SciPlay Corporation is a corporation organized under the laws of the state of Delaware, with its principal place of business in Las Vegas, Nevada. It does business through its online gambling games in all counties in Alabama, including Plaintiff's resident county. It does not have a physical place of business in the state of Alabama.

5.      Defendant SciPlay Games, LLC is a corporation organized under the laws of the state of Nevada with its principal place of business in Las Vegas, Nevada. It does business through its online gambling games in all counties in Alabama, including Plaintiff's resident county. It does not have a physical place of business in the state of Alabama.

2

6. The events giving rise to this suit occurred primarily in Franklin County, Alabama, Plaintiff's resident county, making venue in this court proper under Ala. Code 6-3-7.

**FACTUAL BACKGROUND**

7. Defendant SciPlay makes available online games of chance in a variety of formats including, but not limited to, slot machines, other casino-style games, card games and other games of chance. Below is a typical example of such games:



8. Customers initially receive some free coins to play the games. They then spend coins to play the game. For example, on the slot type games customers spend some of their coins to spin the reels. If they lose, they lose the coins wagered. If they win, they win additional coins allowing them to play longer. When a

DOCUMENT 2

3

consumer runs out of coins entirely, they must either stop playing the game or spend real money to purchase additional coins, which can be spent in the same way.

9.     Defendant collects millions of dollars in revenue each year from consumers who purchase coins in its apps and use them to play the slot machines and other games of chance.

## ALABAMA'S GAMBLING LAWS

10.     "[T]he public policy of this State, as recorded in the Constitution, is that illegal gambling is harmful." Alabama v. Epic Tech, L.L.C., 323 So.3d 572, 582 (Ala. 2020). Indeed, as stated by our Supreme Court as long ago as 1888 and as recently as 2020, Alabama's judiciary has long recognized the Legislature's condemnation of the societal harm of illegal gambling:

> This construction is in full harmony with the policy of the constitution and laws of Alabama prohibitory of the vicious system of lottery schemes and the evil practice of gaming, in all their protean shapes, tending, as centuries of human experience now fully attest, to mendicancy and idleness on the one hand, and moral profligacy and debauchery on the other. No state has more steadfastly emphasized its disapprobation of all these gambling devices of money-making by resort to schemes of chance than Alabama. For more than 40 years past -- we may say, from the organization of the state, with some few years of experimental leniency -- the voice of the legislature has been loud and earnest in its condemnation of these immoral practices, now deemed so enervating to the public morals.

State v. Epic Tech, LLC, 323 So. 3d 572, 582 (Ala. 2020) (quoting Johnson v. State, 83 Ala. 65, 3 So. 790, 791 (Ala.1888)).

4

DOCUMENT 2

11.   Alabama's public policy against gambling, as embodied in the Alabama Constitution, is so strong that its Legislature cannot permit a game of chance involving some skill unless skill is the dominant factor, not chance. <u>Opinion of Justices</u>, 795 So. 2d 630 (Ala. 2001) (referencing Section 65 of the Alabama Constitution).

12.   The Alabama criminal laws pertaining to gambling are codified at Sections 13A-12-20 through 13A-12-92 of the Code of Alabama, 1975. Section 13A-12-22(a) states "[a] person commits the crime of promoting gambling if he knowingly advances or profits from unlawful gambling activity otherwise than as a player." Section 13A-12-23 adds: "A person commits the crime of conspiracy to promote gambling if he conspires to advance, or profit from gambling activity, otherwise than as a player."

13.   The statute also defines gambling itself. "A person engages in gambling if he stakes or risks something of value upon the outcome of a contest of chance or a future contingent event not under his control or influence, upon an agreement or understanding that he or someone else will receive something of value in the event of a certain outcome." Ala. Code § 13A-12-20(4) (1975).

14.   As noted above, players of defendants' games pay real money to purchase coins, which they then wager in the hopes of winning more coins so that they can continue to play without making additional purchases. They make this

5

DOCUMENT 2

DOCUMENT 2

wager on the outcome of the spin of a slot machine or the results of other gambling games.

15.     Under Alabama law, "something of value" specifically includes "extension of a service entertainment or a privilege of playing at a game or scheme without charge." Ala. Code § 13A-12-20(11). As a matter of law, paying money to get "coins" that one bets hoping to win more coins so as to gain the "privilege of playing at a game or scheme without charge" is gambling a thing of value in Alabama.

16.     Alabama law also defines the term "contest of chance" to include "{a]ny contest, game, gaming scheme or gaming device in which the outcome depends in a material degree upon an element of chance, notwithstanding that skill of the contestants may also be a factor therein." Ala. Code § 13A-12-20(3). Defendants' gambling games are contests of chance under Alabama law.

17.     As noted above, Alabama law provides a statutory civil cause of action to recover money paid and lost due to gambling. Ala. Code § 8-1-150. Subsection (b) of the statute provides:

> (b) ***Any other person*** may also recover the amount of such money, thing, or its value by an action commenced within 12 months after the payment or delivery thereof for the use of the wife or, if no wife, the children or, if no children, the next of kin of the loser.

Ala. Code § 8-1-150(b) (emphasis supplied). Plaintiff Andrea Sornberger is such an "other person" with respect to every Alabama citizen who paid money to SciPlay to

6

play gambling games within the past 12 months. The Alabama Legislature, therefore, has explicitly authorized her to bring this action to return that money to the families of the Alabamians who lost it.

18.     While there is a dearth of Alabama caselaw interpreting the plain language of Section 8-1-150(b), authority from other states with similarly-worded statutes make plain that such provisions should be enforced according to their unambiguous meaning. A notable recent example is Commonwealth ex rel. Brown v. Stars Interactive Holdings (IOM), Ltd., 617 S.W. 3d 792 (Ky. 2020), where the Supreme Court of Kentucky was faced with a similar gambling recovery statute authorizing "any other person" to sue and recover for gambling losses incurred by Kentucky citizens. In that case, the state of Kentucky sued the offshore operator of an online gambling site called PokerStars. The state sought recovery of all losses by Kentucky citizens, invoking a statute very similar to Alabama's authorizing "any other person" to recover gambling losses. The defendant argued that the state was not a "person" within the meaning of the statute. The supreme court rejected that argument and reinstated the state's judgment against the defendant, reasoning that the word "any" in the phrase "any other person" "means one indiscriminately of whatever kind or class; one, no matter what one and is an indefinite pronominal adjective used to designate objects in a general way without pointing out any one in particular. By using the phrase 'any other person,' the General Assembly plainly

DOCUMENT 2

DOCUMENT 2

expressed that it meant to confer standing on ***all*** the kinds and classes of persons . . . ***without exception***." Id. at 799 (internal quotations and citations omitted; emphasis supplied). Using this definition, plaintiff unquestionably has standing to represent the family of gamblers who lost money playing Defendant's games.

## THIS CASE IS NOT SUBJECT TO FEDERAL COURT JURISDICTION

19.     This action is not a class action. The legislature authorized "any person" to bring the suit, not just a person who could meet the requirements of Rule 23.

20.     The Alabama Supreme Court has held that when a statute authorizes "any person" to bring an action, it means what it says. See Bates v. Crane, 157 So. 3d 171, 174-75 (Ala. 2014) (interpreting statute that allowed any person to bring complaint before police board).

21.     Instead of a class action under Rule 23, this case is what is typically called a "private attorney general action." See Smith v. Southeastern Financial Corp., 337 So. 2d. 330 (Ala. 1976) ("The Civil Worthless Check Act by using the word 'unlawful' and allowing a civil action to be maintained regardless of whether a criminal action has been instituted promotes the private Attorney General concept."). In such an action, the state or other governmental unit authorizes an individual to act on its behalf and enforce the statute in a private action to enforce a public interest. See, e.g., National Consumers League v. Flowers Bakeries, LLC, 36 F. Supp. 3d 26, 32-33 (D.D.C. 2014). In the Flowers Bakeries case, Plaintiff brought

8

DOCUMENT 2

the case, as authorized by a District of Columbia statute, on behalf of purchasers of particular types of bread, who would recover if it prevailed in the case. Id. at 29. Likewise, Ms. Sornberger brings this case as a private attorney general for the benefit of the family of Alabamians who have lost money to SciPlay in illegal gambling, pursuant to Section 8-1-150, which explicitly authorizes this type of suit.

22.     The United States Supreme Court has held that actions by an attorney general, no matter how many people may benefit from them, are not "mass actions" or "class actions" under the Class Action Fairness Act, and so cannot be removed to federal court. Mississippi ex rel. Hood v. AU Optronics Corp., 571 U.S. 161, 176 (2014). In Hood, the defendants argued that a case like this one was a mass action under CAFA because, even though there was a single plaintiff, 100 or more persons would benefit from a recovery in the action. Id. at 169. The Supreme Court, in a unanimous decision, rejected this argument, stating that the 100 or more persons mentioned in CAFA "are not unspecified individuals who have no actual participation in the suit, but instead the very 'plaintiffs' referred to later in the sentence—the parties who are proposing to join their claims in a single trial." Id. The Supreme Court stated: "CAFA's '100 or more persons' phrase does not encompass unnamed persons who are real parties in interest to claims brought by named plaintiffs." Id. Likewise, the federal circuit courts of appeals that have considered the issue have unanimously held that an attorney general or private

attorney general action not invoking Rule 23 or a state law counterpart is similarly not a class action with the meaning of CAFA. <u>Canela v. Costco Wholesale Corp.</u>, 071 F. 3d 845, 851 (9th Cir. 2020); <u>Mississippi ex rel. Hood v. AU Optronics Corp.</u>, 701 F.3d 796, 799 (5th Cir. 2012), <u>rev'd on other grounds</u>, 571 U.S. 161. Because a suit by the Attorney General, like a private attorney general action, has only one plaintiff, and is not brought under Rule 23 or any state law equivalent, it is not removable under CAFA. <u>Id</u>. at 176. The same is true in the case at bar.

23.    Since <u>Hood</u> was decided in 2014, multiple federal courts have relied upon it to hold that private attorney general suits are likewise not covered by CAFA, and thus not removable unless the claims of the named plaintiff exceed $75,000 dollars in controversy. <u>See, e.g.</u>, <u>National Consumers League v. Flowers Bakeries, LLC</u>, 36 F. Supp. 3d 26, 32-33 (D.D.C. 2014); <u>Canela v. Costco Wholesale Corp.</u>, 971 F.3d 845, 853 (9th Cir. 2020). This case should likewise be heard in state court. The federal courts thus lack jurisdiction because the amount-in-controversy requirement for the named plaintiff cannot be met.

## CLAIM FOR RELIEF

24.    Pursuant to Section 8-1-150(b) of the Alabama Code, Plaintiff Andrea Sornberger seeks recovery of all sums paid by Alabama residents to SciPlay in its online gambling games during the period beginning one year before the filing of this complaint until this case is resolved.

10

25.    Plaintiff seeks this recovery to go to the benefit of the families of the gamblers who paid the money, as required by Section 8-1-150(b).

## PRAYER FOR RELIEF

Plaintiff respectfully prays that this court:

1) take jurisdiction of this cause;

2) following discovery, enter a final judgment against SciPlay awarding to the family and next of kin of all gamblers that made payments from Alabama all money paid to play the illegal gambling games described herein;

3) appoint a special master to determine all proper recipients of the money at issue;

4) enter a permanent injunction preventing SciPlay from continuing its illegal activities in Alabama;

5) award interest and costs; and

6) award any other relief to which the Court finds plaintiff and the family members are entitled.

/s/ Jeffrey L. Bowling
Jeffrey L. Bowling
Attorney for Plaintiff

DOCUMENT 2

**COUNSEL:**

Jeffrey L. Bowling
BEDFORD, ROGERS & BOWLING, P.C.
303 North Jackson Street
P.O. Box 669
Russellville, AL 35653-0669
Telephone: 256.332.2880
jeffbrbpc@bellsouth.net

D. Frank Davis (DAV009)
John E. Norris (NOR041)
Wesley W. Barnett (BAR141)
Dargan M. Ware (WAR089)
DAVIS & NORRIS, LLP
2154 Highland Avenue S.
Birmingham, AL 35205
Telephone: 205.930.9900
Facsimile: 205.930.9989
fdavis@davisnorris.com
jnorris@davisnorris.com
wbarnett@davisnorris.com
dware@davisnorris.com

PLEASE SERVE BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED:

SciPlay Corporation
6601 Bermuda Road
Las Vegas, NV, 89119

SciPlay Games, LLC
c/o Corporation Service Company, Inc.
641 South Lawrence Street
Montgomery, AL 36104

DOCUMENT 2

# EXHIBIT B

DOCUMENT 3



AlaFile E-Notice

33-CV-2023-900037.00

To: SCIPLAY CORPORATION
6601 BERMUDA ROAD
LAS VEGAS, NV, 89119

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF FRANKLIN COUNTY, ALABAMA

ANDREA SORNBERGER V. SCIPLAY CORPORATION ET AL
33-CV-2023-900037.00

The following complaint was FILED on 3/8/2023 1:57:08 PM

Notice Date:     3/8/2023 1:57:08 PM

ANITA SCOTT
CIRCUIT COURT CLERK
FRANKLIN COUNTY, ALABAMA
P. O. BOX 160
RUSSELVILLE, AL, 35653

256-332-8861

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>33-CV-2023-900037.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF FRANKLIN COUNTY, ALABAMA**
**ANDREA SORNBERGER V. SCIPLAY CORPORATION ET AL**

**NOTICE TO:** SCIPLAY CORPORATION, 6601 BERMUDA ROAD, LAS VEGAS, NV 89119
<em>(Name and Address of Defendant)</em>

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), JEFFREY LOWELL BOWLING
<em>(Name(s) of Attorney(s))</em>

WHOSE ADDRESS(ES) IS/ARE: POST OFFICE BOX 669, RUSSELLVILLE, AL 35653
<em>(Address(es) of Plaintiff(s) or Attorney(s))</em>

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of ANDREA SORNBERGER
<em>(Name(s))</em>
pursuant to the Alabama Rules of the Civil Procedure.

| 03/08/2023 | /s/ ANITA SCOTT | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.  /s/ JEFFREY LOWELL BOWLING
<em>(Plaintiff's/Attorney's Signature)</em>

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____.
<em>(Date)</em>

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____
_____ in _____ County,
<em>(Name of Person Served)            (Name of County)</em>

Alabama on _____.
<em>(Date)</em>

| _____ | _____ | _____ |
|---|---|---|
| *(Type of Process Server)* | *(Server's Signature)* | *(Address of Server)* |
| | *(Server's Printed Name)* | *(Phone Number of Server)* |

# EXHIBIT C



# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | John L. Cuddihy<br>Light & Wonder Inc. (Formerly Scientific Gaming)<br>6601 Bermuda Rd<br>Las Vegas, NV 89119-3605 |
| **Electronic copy provided to:** | Erica Chee<br>Ronald Duarte |

| | |
|---|---|
| **Entity:** | Sciplay Games, LLC<br>Entity ID Number  3572472 |
| **Entity Served:** | Sciplay Games, LLC |
| **Title of Action:** | Andrea Sornberger vs. Sciplay Corporation |
| **Matter Name/ID:** | Andrea Sornberger vs. Sciplay Corporation (13774962) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Others |
| **Court/Agency:** | Franklin County Circuit Court, AL |
| **Case/Reference No:** | 33-CV-2023-900037.00 |
| **Jurisdiction Served:** | Alabama |
| **Date Served on CSC:** | 03/13/2023 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Bedford, Rogers & Bowling, P.C.<br>256-332-2880 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com



AlaFile E-Notice

33-CV-2023-900037.00

To: SCIPLAY GAMES, LLC
641 SOUTH LAWRENCE STREET
MONTGOMERY, AL, 36104

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF FRANKLIN COUNTY, ALABAMA

ANDREA SORNBERGER V. SCIPLAY CORPORATION ET AL
33-CV-2023-900037.00

The following complaint was FILED on 3/8/2023 1:57:08 PM

Notice Date:     3/8/2023 1:57:08 PM

ANITA SCOTT
CIRCUIT COURT CLERK
FRANKLIN COUNTY, ALABAMA
P. O. BOX 160
RUSSELLVILLE, AL, 35653

256-332-8861

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>33-CV-2023-900037.00 |
|---|---|---|

## IN THE CIRCUIT COURT OF FRANKLIN COUNTY, ALABAMA
## ANDREA SORNBERGER V. SCIPLAY CORPORATION ET AL

**NOTICE TO:** SCIPLAY GAMES, LLC, 641 SOUTH LAWRENCE STREET, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S); JEFFREY LOWELL BOWLING

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: POST OFFICE BOX 669, RUSSELLVILLE, AL 35653

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of ANDREA SORNBERGER pursuant to the Alabama Rules of the Civil Procedure.

*(Name(s))*

| 03/08/2023 | /s/ ANITA SCOTT | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.   /s/ JEFFREY LOWELL BOWLING

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____.

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____ in _____ County,

*(Name of Person Served)*     *(Name of County)*

Alabama on _____.

*(Date)*

_____   _____   *(Address of Server)*

*(Type of Process Server)*   *(Server's Signature)*

*(Server's Printed Name)*   *(Phone Number of Server)*

# EXHIBIT D

**ALABAMA SJIS CASE DETAIL**

PREPARED FOR: LEE BAINS



County: **33**   Case Number: **CV-2023-900037.00**   Court Action:
Style: **ANDREA SORNBERGER V. SCIPLAY CORPORATION ET AL**

Real Time

## Case

### Case Information

| | | | | | |
|---|---|---|---|---|---|
| County: | 33-FRANKLIN | Case Number: | CV-2023-900037.00 | Judge: | BPH:BRIAN P HAMILTON |
| Style: | ANDREA SORNBERGER V. SCIPLAY CORPORATION ET AL | | | | |
| Filed: | 03/08/2023 | Case Status: | ACTIVE | Case Type: | OTHER CV CASE |
| Trial Type: | BENCH | Track: | | Appellate Case: | 0 |
| No of Plaintiffs: | 1 | No of Defendants: | 2 | | |

### Damages

| | | | | | |
|---|---|---|---|---|---|
| Damage Amt: | 0.00 | Punitive Damages: | 0.00 | General Damages: | 0.00 |
| No Damages: | | Compensatory Damages: | 0.00 | | |
| Pay To: | | Payment Frequency: | | Cost Paid By: | |

### Court Action

| | | | | | |
|---|---|---|---|---|---|
| Court Action Code: | | Court Action Desc: | | Court Action Date: | |
| Num of Trial days: | 0 | Num of Liens: | 0 | Judgment For: | |
| Dispositon Date of Appeal: | | Disposition Judge: | : | Disposition Type: | |
| Revised Judgement Date: | | Minstral: | | Appeal Date: | |
| Date Trial Began but No Verdict (TBNV1): | | | | | |
| Date Trial Began but No Verdict (TBNV2): | | | | | |

### Comments

Comment 1:
Comment 2:

### Appeal Information

| | | | | | |
|---|---|---|---|---|---|
| Appeal Date: | | Appeal Case Number: | | Appeal Court: | |
| Appeal Status: | | Orgin Of Appeal: | | | |
| Appeal To: | | Appeal To Desc: | | LowerCourt Appeal Date: | |
| Disposition Date Of Appeal: | | Disposition Type Of Appeal: | | | |

### Administrative Information

| | | | | | |
|---|---|---|---|---|---|
| Transfer to Admin Doc Date: | | Transfer Reason: | | Transfer Desc: | |
| Number of Subponeas: | | Last Update: | 03/08/2023 | Updated By: | AJA |

## Parties

### Party 1 - Plaintiff INDIVIDUAL - SORNBERGER ANDREA

#### Party Information

| | | | | | |
|---|---|---|---|---|---|
| Party: | C001-Plaintiff | Name: | SORNBERGER ANDREA | Type: | I-INDIVIDUAL |
| Index: | D SCIPLAY CORP | Alt Name: | | Hardship: No | JID: BPH |
| Address 1: | 763 BROOKE ROAD | | | Phone: | (256) 000-0000 |

| Address 2: | | | | | | | |
|---|---|---|---|---|---|---|---|
| City: | SPRUCE PINE | State: | AL | Zip: | 35585-0000 | Country: | US |
| SSN: | XXX-XX-X925 | DOB: | | Sex: | F | Race: | |

## Court Action

| Court Action: | | | | Court Action Date: | |
|---|---|---|---|---|---|
| Amount of Judgement: | $0.00 | Court Action For: | | Exemptions: | |
| Cost Against Party: | $0.00 | Other Cost: | $0.00 | Date Satisfied: | |
| Comment: | | | | Arrest Date: | |
| Warrant Action Date: | | Warrant Action Status: | | Status Description: | |

## Service Information

| Issued: | | Issued Type: | | Reissue: | | Reissue Type: | |
|---|---|---|---|---|---|---|---|
| Return: | | Return Type: | | Return: | | Return Type: | |
| Served: | | Service Type | | Service On: | | Notice of No Answer: Served By: | |
| Answer: | | Answer Type: | | Notice of No Service: | | | |

## Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|---|---|---|---|---|---|
| Attorney 1 | BOW037 | | BOWLING JEFFREY LOWELL | JEFFBRBPC@BELLSOUTH.NET | (256) 332-2880 |
| Attorney 2 | MCR008 | | MCREYNOLDS JOHN ANDREW IV | JOHNMCBRBPC@BELLSOUTH.NET | (256) 332-2880 |
| Attorney 3 | HAR411 | | HARGETT EVAN MICHAEL | EVANBRBPC@GMAIL.COM | (256) 332-2880 |
| Attorney 4 | DAV009 | | DAVIS DUDLEY FRANK | FDAVIS@DAVISNORRIS.COM | (205) 930-9900 |
| Attorney 5 | NOR041 | | NORRIS JOHN EDWARD | JNORRIS@DAVISNORRIS.COM | (205) 930-9900 |
| Attorney 6 | BAR141 | | BARNETT WESLEY WARRINGTON | WBARNETT@DAVISNORRIS.COM | (205) 930-9976 |

## Party 2 - Defendant BUSINESS - SCIPLAY CORPORATION

### Party Information

| Party: | D001-Defendant | Name: | SCIPLAY CORPORATION | | Type: | B-BUSINESS |
|---|---|---|---|---|---|---|
| Index: | C SORNBERGER A | Alt Name: | | Hardship: No | JID: | BPH |
| Address 1: | 6601 BERMUDA ROAD | | | Phone: | (256) 000-0000 | |
| Address 2: | | | | | | |
| City: | LAS VEGAS | State: | NV | Zip: | 89119-0000 Country: | US |
| SSN: | XXX-XX-X999 | DOB: | | Sex: | Race: | |

### Court Action

| Court Action: | | | | Court Action Date: | |
|---|---|---|---|---|---|
| Amount of Judgement: | $0.00 | Court Action For: | | Exemptions: | |
| Cost Against Party: | $0.00 | Other Cost: | $0.00 | Date Satisfied: | |
| Comment: | | | | Arrest Date: | |
| Warrant Action Date: | | Warrant Action Status: | | Status Description: | |

### Service Information

| Issued: | 03/08/2023 | Issued Type: | C-CERTIFIED MAIL | Reissue: | | Reissue Type: | |
|---|---|---|---|---|---|---|---|
| Return: | | Return Type: | | Return: | | Return Type: | |
| Served: | 03/18/2023 | Service Type | C-CERTIFIED MAIL | Service On: | | Notice of No Answer: Served By: | |
| Answer: | | Answer Type: | | Notice of No Service: | | | |

## Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|--------|---------------|-----------------|------|-------|-------|
| Attorney 1 | 000000 | | PRO SE | | |

## Party 3 - Defendant BUSINESS - SCIPLAY GAMES, LLC

### Party Information

| | | | | | | |
|---|---|---|---|---|---|---|
| Party: | D002-Defendant | Name: | SCIPLAY GAMES, LLC | | Type: | B-BUSINESS |
| Index: | C SORNBERGER A | Alt Name: | | Hardship: No | JID: | BPH |
| Address 1: | 641 SOUTH LAWRENCE STREET | Phone: | (256) 000-0000 | | | |
| Address 2: | | | | | | |
| City: | MONTGOMERY | State: | AL | Zip: | 36104-0000 | Country: US |
| SSN: | XXX-XX-X999 | DOB: | | Sex: | | Race: |

### Court Action

| | | | | | |
|---|---|---|---|---|---|
| Court Action: | | | | Court Action Date: | |
| Amount of Judgement: | $0.00 | Court Action For: | | Exemptions: | |
| Cost Against Party: | $0.00 | Other Cost: | $0.00 | Date Satisfied: | |
| Comment: | | | | Arrest Date: | |
| Warrant Action Date: | | Warrant Action Status: | | Status Description: | |

### Service Information

| | | | | | |
|---|---|---|---|---|---|
| Issued: | 03/08/2023 | Issued Type: C-CERTIFIED MAIL | Reissue: | Reissue Type: | |
| Return: | | Return Type: | Return: | Return Type: | |
| Served: | 03/13/2023 | Service Type C-CERTIFIED MAIL | Service On: | Served By: | Notice of No Answer: |
| Answer: | | Answer Type: | Notice of No Service: | | |

### Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|--------|---------------|-----------------|------|-------|-------|
| Attorney 1 | 000000 | | PRO SE | | |

## Financial

### Fee Sheet

| Fee Status | Admin Fee | Fee Code | Payor | Payee | Amount Due | Amount Paid | Balance | Amount Hold | Garnish Party |
|------------|-----------|----------|-------|-------|------------|-------------|---------|-------------|---------------|
| ACTIVE | N | AOCC | C001 | 000 | $32.26 | $32.26 | $0.00 | $0.00 | 0 |
| ACTIVE | N | CONV | C001 | 000 | $15.18 | $15.18 | $0.00 | $0.00 | 0 |
| ACTIVE | N | CV05 | C001 | 000 | $301.00 | $301.00 | $0.00 | $0.00 | 0 |
| ACTIVE | N | VADM | C001 | 000 | $45.00 | $45.00 | $0.00 | $0.00 | 0 |
| | | | | Total: | $393.44 | $393.44 | $0.00 | $0.00 | |

### Financial History

| Transaction Date | Description | Disbursement Accoun | Transaction Batch | Receipt Number | Amount | From Party | To Party | Money Type | Admin Fee | Reason | Attorney | Operator |
|------------------|-------------|---------------------|-------------------|----------------|--------|-----------|----------|-----------|-----------|--------|----------|----------|
| 03/09/2023 | CREDIT | CONV | 2023111 | 14393100 | $15.18 | C001 | 000 | | N | | | MMC |
| 03/09/2023 | RECEIPT | AOCC | 2023111 | 14393000 | $32.26 | C001 | 000 | | N | | | MMC |
| 03/09/2023 | RECEIPT | CV05 | 2023111 | 14393200 | $301.00 | C001 | 000 | | N | | | MMC |
| 03/09/2023 | RECEIPT | VADM | 2023111 | 14393300 | $45.00 | C001 | 000 | | N | | | MMC |

## Case Action Summary

| Date: | Time | Code | Comments | Operator |
|-------|------|------|----------|----------|
| 3/8/2023 | 1:57 PM | ECOMP | COMPLAINT E-FILED. | BOW037 |

| 3/8/2023 | 1:57 PM | FILE | FILED THIS DATE: 03/08/2023 | (AV01) | AJA |
|---|---|---|---|---|---|
| 3/8/2023 | 1:57 PM | EORD | E-ORDER FLAG SET TO "Y" | (AV01) | AJA |
| 3/8/2023 | 1:57 PM | ASSJ | ASSIGNED TO JUDGE: BRIAN P HAMILTON | (AV01) | AJA |
| 3/8/2023 | 1:57 PM | SCAN | CASE SCANNED STATUS SET TO: N | (AV01) | AJA |
| 3/8/2023 | 1:57 PM | TDMN | BENCH/NON-JURY TRIAL REQUESTED | (AV01) | AJA |
| 3/8/2023 | 1:57 PM | STAT | CASE ASSIGNED STATUS OF: ACTIVE | (AV01) | AJA |
| 3/8/2023 | 1:57 PM | ORIG | ORIGIN: INITIAL FILING | (AV01) | AJA |
| 3/8/2023 | 1:57 PM | C001 | C001 PARTY ADDED: SORNBERGER ANDREA | (AV02) | AJA |
| 3/8/2023 | 1:57 PM | C001 | INDIGENT FLAG SET TO: N | (AV02) | AJA |
| 3/8/2023 | 1:57 PM | C001 | LISTED AS ATTORNEY FOR C001: BOWLING JEFFREY LOWE | | AJA |
| 3/8/2023 | 1:57 PM | C001 | LISTED AS ATTORNEY FOR C001: MCREYNOLDS JOHN ANDR | | AJA |
| 3/8/2023 | 1:57 PM | C001 | LISTED AS ATTORNEY FOR C001: HARGETT EVAN MICHAEL | | AJA |
| 3/8/2023 | 1:57 PM | C001 | LISTED AS ATTORNEY FOR C001: DAVIS DUDLEY FRANK | | AJA |
| 3/8/2023 | 1:57 PM | C001 | LISTED AS ATTORNEY FOR C001: NORRIS JOHN EDWARD | | AJA |
| 3/8/2023 | 1:57 PM | C001 | LISTED AS ATTORNEY FOR C001: BARNETT WESLEY WARRI | | AJA |
| 3/8/2023 | 1:57 PM | C001 | C001 E-ORDER FLAG SET TO "Y" | (AV02) | AJA |
| 3/8/2023 | 1:57 PM | D001 | D001 PARTY ADDED: SCIPLAY CORPORATION | (AV02) | AJA |
| 3/8/2023 | 1:57 PM | D001 | INDIGENT FLAG SET TO: N | (AV02) | AJA |
| 3/8/2023 | 1:57 PM | D001 | LISTED AS ATTORNEY FOR D001: PRO SE | (AV02) | AJA |
| 3/8/2023 | 1:57 PM | D001 | CERTIFIED MAI ISSUED: 03/08/2023 TO D001 | (AV02) | AJA |
| 3/8/2023 | 1:57 PM | D001 | D001 E-ORDER FLAG SET TO "Y" | (AV02) | AJA |
| 3/8/2023 | 1:57 PM | D002 | D002 PARTY ADDED: SCIPLAY GAMES, LLC | (AV02) | AJA |
| 3/8/2023 | 1:57 PM | D002 | INDIGENT FLAG SET TO: N | (AV02) | AJA |
| 3/8/2023 | 1:57 PM | D002 | LISTED AS ATTORNEY FOR D002: PRO SE | (AV02) | AJA |
| 3/8/2023 | 1:57 PM | D002 | CERTIFIED MAI ISSUED: 03/08/2023 TO D002 | (AV02) | AJA |
| 3/8/2023 | 1:57 PM | D002 | D002 E-ORDER FLAG SET TO "Y" | (AV02) | AJA |
| 3/13/2023 | 9:20 AM | ESCAN | SCAN - FILED 3/9/2023 - CERTIFIED MAIL | | MMC |
| 3/23/2023 | 8:39 AM | D001 | SERVICE OF CERTIFIED MAI ON 03/18/2023 FOR D001 | | MMC |
| 3/23/2023 | 8:40 AM | ESERC | SERVICE RETURN | | MIC |
| 3/23/2023 | 8:40 AM | D002 | SERVICE OF CERTIFIED MAI ON 03/13/2023 FOR D002 | | MMC |
| 3/23/2023 | 8:40 AM | ESERC | SERVICE RETURN | | MIC |

## Images

| Date: | Doc# | Title | Description | Pages |
|---|---|---|---|---|
| 3/8/2023 1:57:04 PM | 1 | CIVIL_COVER_SHEET | CIRCUIT COURT - CIVIL CASE | 1 |
| 3/8/2023 1:57:05 PM | 2 | COMPLAINT | | 12 |
| 3/8/2023 1:58:09 PM | 3 | COMPLAINT - TRANSMITTAL | E-NOTICE TRANSMITTALS | 3 |
| 3/8/2023 1:58:10 PM | 4 | COMPLAINT - SUMMONS | E-NOTICE TRANSMITTALS | 2 |
| 3/9/2023 12:00:05 AM | 5 | CERTIFIED MAIL | | 2 |
| 3/23/2023 8:40:21 AM | 6 | SERVICE RETURN | SERVICE RETURN | 1 |
| 3/23/2023 8:41:28 AM | 8 | SERVICE RETURN - TRANSMITTAL | E-NOTICE TRANSMITTALS | 6 |
| 3/23/2023 8:41:02 AM | 7 | SERVICE RETURN | SERVICE RETURN | 1 |
| 3/23/2023 8:41:48 AM | 9 | SERVICE RETURN - TRANSMITTAL | E-NOTICE TRANSMITTALS | 6 |

 **END OF THE REPORT**

FILED
2023 Apr-13  AM 08:58
U.S. DISTRICT COURT
N.D. OF ALABAMA

# Exhibit 2

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHWESTERN DIVISION

| | |
|---|---|
| ANDREA SORNBERGER, <br><br> *Plaintiff,* <br><br> v. <br><br> SCIPLAY CORP. and <br> SCIPLAY GAMES, LCC, <br><br> *Defendants.* | Case No. _____ |

## AFFIDAVIT OF ROBERT GUSTAFSON IN SUPPORT OF DEFENDANTS' NOTICE OF REMOVAL

I, Robert Gustafson, declare under penalty of perjury and under 28 U.S.C. § 1746, that the following is true and correct:

1. I am currently employed as General Counsel at SciPlay Corp.

2. I am authorized to execute this affidavit and am competent to testify about the matters contained here based on my personal knowledge. I submit this affidavit in support of Defendants' Notice of Removal.

3. SciPlay Games, LLC is a Nevada limited liability company with its principal place of business in Las Vegas, Nevada.  SciPlay

Games, LLC is a wholly owned subsidiary of SciPlay Parent Company, LLC.

4. SciPlay Parent Company, LLC is a Nevada limited liability company with its principal place of business in Las Vegas, Nevada. SciPlay Parent Company, LLC is owned by two entities, SciPlay Corporation and LNW Social Holding Company, LLC.

5. SciPlay Corporation is a Nevada corporation with its principal place of business in Las Vegas, Nevada.

6. LNW Social Holding Company I, LLC is a Nevada limited liability company with its principal place of business in Las Vegas, Nevada. LNW Social Holding Company I, LLC is a wholly owned subsidiary of LNW Social Holding Company II, LLC.

7. LNW Social Holding Company II, LLC is a Nevada limited liability company with its principal place of business in Las Vegas, Nevada. LNW Social Holding Company II, LLC is a wholly owned subsidiary of Light and Wonder International, Inc., a Delaware corporation with its principal place of business in Las Vegas, Nevada.

2

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Signed on April 11, 2023.

*Robert Gustafson*

Robert Gustafson

STATE/COMMONWEALTH OF ___Indiana___

COUNTY/CITY OF ___Warrick | Newburgh___

SUBSCRIBED AND SWORN TO before me this 11th day of April,

2023, by ___Robert Gustafson___, who is __

personally known, or has produced ___drivers license___ as

identification.

*Tavi Wydicks*

NOTARY PUBLIC

___Tavi Wydicks___
Typed/Printed Name of Notary
Commission No. NP0639739

My Commission Expires: 11/8/2028

TAVI WYDICKS
Notary Public, State Of Indiana
Warrick County
Commission Number NP0639739
My Commission Expires
November 08, 2028

3

FILED
2023 Apr-13 AM 08:58
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHWESTERN DIVISION

ANDREA SORNBERGER,

    *Plaintiff,*

v.

SCIPLAY CORP. and
SCIPLAY GAMES, LCC,

    *Defendants.*

Case No. _____

## AFFIDAVIT OF PHILIP ALVARADO IN SUPPORT OF DEFENDANTS' NOTICE OF REMOVAL

I, Philip "Flip" Alvarado, declare under penalty of perjury and under 28 U.S.C. § 1746, that the following is true and correct:

1. I am currently an employee at SciPlay Games, LLC ("SciPlay"). I work as a manager of financial planning and analysis at SciPlay.

2. I am authorized to execute this affidavit and am competent to testify about the matters contained here based on my personal knowledge. I submit this affidavit in support of Defendants' Notice of Removal.

3. As an employee of SciPlay, I have reviewed user purchase records that SciPlay maintains in the normal course of business. As part of my review, I examined Alabama user purchases of in-game items in SciPlay's social casino-style games.

4. Although SciPlay does not have precise location data for every person who plays its games and makes purchases within the games, SciPlay has methods of estimating the total revenue attributable to players within individual states.

5. Based on my review, I estimate that SciPlay received significantly more than $1 million in gross revenue from players in Alabama for the period between March 8, 2022 and March 8, 2023.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Signed on April 11 th, 2023.

Philip "Flip" Alvarado

STATE/COMMONWEALTH OF Texas

COUNTY/CITY OF Travis / Austin

SUBSCRIBED AND SWORN TO before me this 11th day of April, 2023, by Philip Alvarado, who is ___ personally known, or has produced Texas DL as identification.

NOTARY PUBLIC

Ashley Jules Alcindor

Typed/Printed Name of Notary

Commission No. 131588968

My Commission Expires: 05/31/2026

ASHLEY JULES ALCINDOR
Notary Public, State of Texas
Comm. Expires 05-31-2026
Notary ID 131588968

3

# EXHIBIT H

FILED

2023 Aug-14  PM 02:36
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHWESTERN DIVISION

| | |
|---|---|
| ANDREA SORNBERGER,<br><br>        *Plaintiff,*<br><br>v.<br><br>SCIPLAY CORP. and<br>SCIPLAY GAMES, LLC,<br><br>        *Defendants.* | Case No. 23 Civ. 476 (CLS) |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY

SciPlay Corp. and SciPlay Games, LLC (collectively, "SciPlay") write to respond to Plaintiff Andrea Sornberger's notice of supplemental authority sent to the Court this morning. *See* Dkt. 20.

As background, Sornberger sued SciPlay under Alabama's Loss Recovery Act seeking to recover all money players in Alabama spent on SciPlay's casino-themed video games. Despite seeking well over a million dollars from SciPlay and conceding that the parties are diverse, Sornberger moved to remand this case to state court. Dkt. 14 ("Motion").

1

Because this Court has diversity jurisdiction over the case, SciPlay opposed the motion. Dkt. 16 ("Opposition Brief").

On Friday, August 11, Judge Burke issued an order and opinion remanding another case brought by a single plaintiff against another defendant under Alabama's Loss Recovery Act seeking to recover alleged gambling losses for multiple people. *See Rice v. Aristocrat Leisure*, No. 3:23-cv-00480-LCB, Dkt. 28 (N.D. Ala. Aug. 11, 2023). The court found that the plaintiff likely could not bring the case under the Loss Recovery Act because the Act "does not seem to permit one person to recover multiple gambling losses for multiple families in the same action." *Id.* at 6 n.3. Still, the court remanded the case to state court by holding that it could not aggregate the plaintiff's claims to meet the amount in controversy requirement for federal subject matter jurisdiction. *See id.* at 6–14. SciPlay respectfully disagrees with the *Rice* analysis remanding to state court for all the reasons laid out in its Opposition Brief.

But this Court need not disagree with Judge Burke's aggregation analysis to deny the motion to remand. As SciPlay pointed out in its opposition brief, unlike in *Rice*, here at least one of Sornberger's claims exceeds the jurisdictional amount. *See* Opposition Brief 6, 16. During the

relevant period, one player in Alabama spent at least $79,000 playing SciPlay's games. *See id.*, Ex. 1, Alvarado Decl. ¶ 5. That claim, in turn, serves as a basis for supplemental jurisdiction over Sornberger's other claims. The $79,000 claim involves the same "common nucleus of operative fact[s]" as the claims seeking to recover money spent by the other players—all the claims are brought by Sornberger and turn on SciPlay operating games that she claims count as illegal gambling. *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 743 (11th Cir. 2006); *see* 28 U.S.C. § 1367(a). Thus, removal is proper because at least one of Sornberger's claims falls within the original jurisdiction of the Court, and the Court has supplemental jurisdiction over the remaining claims. *See* 28 U.S.C. § 1441(a); 28 U.S.C. § 1367(a).

In short, this Court need not reach the aggregation issues addressed in *Rice*. This Court has subject-matter jurisdiction over the case because the parties are completely diverse, at least one claim exceeds the $75,000 amount in controversy requirement, and this Court has supplemental jurisdiction over the remaining claims.

Dated: August 14, 2023          Respectfully submitted,

*/s/ John Earnhardt*

John Earnhardt (ASB-3724-A49J)
Carmen Chambers (9445N13U)
MAYNARD NEXSEN, P.C.
1901 Sixth Ave N, Suite 1700
Birmingham, AL 35203
Tel: (205) 254-1204
jearnhardt@maynardnexsen.com
cchambers@maynardnexsen.com

Adam L. Hoeflich (*Pro Hac Vice*)
BARTLIT BECK LLP
54 W. Hubbard Street, Suite 300
Chicago, IL 60654
Tel: (312) 494-4400
adam.hoeflich@bartlitbeck.com

Alison G. Wheeler (*Pro Hac Vice*)
Daniel C. Taylor (*Pro Hac Vice*)
Eric. F. Dement (*Pro Hac Vice*)
BARTLIT BECK LLP
1801 Wewatta Street, 12th Floor
Denver, CO 80202
Tel: (303) 592-3100
alison.wheeler@bartlitbeck.com
daniel.taylor@bartlitbeck.com
eric.dement@bartlitbeck.com

*Attorneys for Defendants*

# CERTIFICATE OF SERVICE

This is to certify that on August 14, 2023, a true and correct copy of the foregoing was served on the counsel of record for Plaintiff Andrea Sornberger listed below, via the Court's electronic filing and service system:

Jeffrey L. Bowling
BEDFORD, ROGERS &BOWLING, P.C.
303 North Jackson Street
P.O. Box 669
Russellville, AL 35653-0669
Telephone: (256) 332-2880
jeffbrbpc@bellsouth.net

D. Frank Davis (DAV009)
John E. Norris (NOR041)
Wesley W. Barnett (BAR141)
Dargan M. Ware (WAR089)
DAVIS & NORRIS, LLP
2154 Highland Avenue S.
Birmingham, AL 35205
Telephone: (205) 930-9900
fdavis@davisnorris.com
inorris@davisnorris.com
wbarnett@davisnorris.com
dware@davisnorris.com

*Counsel for Plaintiff Andrea Sornberger*

*/s/ John Earnhardt*