IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| **ANDREA SORNBERGER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   No. 3:23-CV-01284-CLS |
| | ) |
| **SCIPLAY CORP., and SCIPLAY GAMES, LLC,** | ) |
| | ) |
| **Defendants.** | ) |

**UNOPPOSED MOTION TO VACATE DISMISSAL WITH PREJUDICE**

Plaintiff Andrea Sornberger hereby moves this honorable court to vacate its order of March 25, 2025 (Doc. 30) dismissing this case with prejudice, and instead to enter a dismissal order consistent with the parties' agreed-upon stipulation of dismissal, which should be granted for the reasons below. Defendants do not oppose this motion.

1. The parties filed a Joint Stipulation of Dismissal pursuant to Rule 41(a)(1) on November 12, 2024. (Doc. 29). This stipulation of dismissal was both signed by all parties and filed prior to the filing of an answer or motion for summary judgment by either defendant.

2. The stipulation of dismissal specified that it was "subject to the agreement between the parties that in the event the settlement between the parties does not become final, Plaintiff can refile her case without prejudice from any time-

related defenses such as the statute of limitations or statute of repose based on the passage of time since this action was filed on August 25, 2023." (Doc. 29 at 1).

3. Rule 41(a)(1)(B) states that "[u]nless the notice or stipulation states otherwise, the dismissal is without prejudice." Fed. R. Civ. Proc. 41(a)(1)(B). Here, the stipulation expressly stated that "Plaintiff can . . . refile her case without prejudice from any time-related defenses . . . since this action was filed on August 25, 2023" if "the settlement between the parties does not become final." (Doc. 29 at 1).

4. The Court's dismissal order did not, however, track this language. It instead said that the dismissal was "with prejudice, provided, however, that if the terms of the settlement are not fully consummated within a reasonable period of time, not to exceed 45 days from this date, the court will entertain a petition to reinstate this action, and such reinstatement, if and when allowed, shall relate back to the original date of filing." (Doc. 30.)

5. While this case was not filed as a class action, the settlement of the case, along with several related cases, is a class action settlement that will have to be approved by another court. The class settlement process will necessitate issuing subpoenas to multiple third parties to obtain information relevant to the class approval process, as well as the ordinary preliminary approval, notice, and fairness hearing procedures pursuant to Rule 23. This process cannot be accomplished within

the timeframe contemplated by the Court's dismissal order. It was for this reason that the parties stipulated to the dismissal in the manner that they did.

6. For the foregoing reasons, plaintiff respectfully requests that the Court vacate its dismissal of the case with prejudice and enter an order dismissing the case consistent with the parties' agreed-upon stipulation of dismissal (Doc. 29). Defendants do not oppose this motion.

Respectfully submitted this 28th day of March, 2025,

/s/   Dargan M. Ware
One of the Attorneys for Plaintiff

**COUNSEL:**

John E. Norris
D. Frank Davis
Wesley W. Barnett
Dargan M. Ware
DAVIS & NORRIS, LLP
Telephone: 205.930.9900
Facsimile: 205.930.9989
jnorris@davisnorris.com
fdavis@davisnorris.com
wbarnett@davisnorris.com
dware@davisnorris.com

Jeffrey L. Bowling
BEDFORD, ROGERS & BOWLING, P.C.
303 North Jackson Street
P.O. Box 669
Russellville, AL 35653-0669
Telephone: 256.332.2880
jeffbrbpc@bellsouth.net

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that a true and correct copy of the foregoing was served on all counsel of record through the CM/ECF Electronic Filing System of the United States District court for the Northern District of Alabama on March 28, 2025.

    /s/    Dargan M. Ware
    One of the Attorneys for Plaintiff